**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| HUDSON PRIVATE LP, | : |
| | : |
| Plaintiff, | : Case No. |
| | : |
| v. | : [formerly Supreme Court of the State |
| | : of New York, New York County— |
| CREATIVE WEALTH MEDIA FINANCE CORP., | : Index No. 650952/2022] |
| | : |
| Defendant. | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF REMOVAL

Defendant Creative Wealth Media Finance Corp. ("Creative Wealth") hereby removes the action bearing Index No. 650952/2022 from the Supreme Court of the State of New York, County of New York (the "State Court Action"), to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(a), 1441(b), and 1446(a), and Local Civil Rule 81.1, and as grounds for its removal states as follows:

## STATEMENT OF THE CASE

1. This action is pending in the Supreme Court of the State of New York, County of New York, captioned *Hudson Private LP v. Creative Wealth Media Finance Corp.*, Index No. 650952/2022. On March 1, 2022, Plaintiff filed the following documents in the State Court Action: Request for Judicial Intervention, Request for Judicial Intervention Addendum, Summons, Notice of Motion pursuant to New York Civil Practice Law and Rules ("CPLR") § 3213 (the "Motion"), Affidavit of Christopher Conover in support of motion with attached Exhibit, and Memorandum of Law in Support of Motion. This notice of Removal is filed pursuant to 28 U.S.C. § 1446(b).

Although Plaintiff has filed an affidavit of service upon Creative Wealth in the State Court Action, such service was improperly effectuated.

2. True and correct copies of the documents from the State Court Action referenced in paragraph 1 herein, and the affidavit of service alleging that said documents were served on March 16, 2022, are annexed hereto collectively as Exhibit A. To Creative Wealth's knowledge, information, and belief, no other pleadings or other documents have been served in this action, and no orders have been entered.

3. The Motion, which was filed in lieu of a Complaint pursuant to CPLR § 3213, seeks to recover sums allegedly due pursuant to a Promissory Note (the "Note").

**REMOVAL BASED ON DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332 (a)(1) and 28 U.S.C. § 1441**

4. Upon information and belief, Plaintiff Hudson Private LP is a limited partnership organized and existing under the laws of the State of New York, with principal offices at 15 Grand Central Avenue, Pearl River, NY 10965.

5. Creative Wealth is a business corporation organized and existing under the laws of Canada, with a principal office at 151 Bloor Street West, Suite 700, Toronto, Canada M5S 1S4, within the province of Ontario.

6. Accordingly, there is complete diversity of citizenship between Plaintiff and Creative Wealth.

7. The amount in controversy, exclusive of interest and costs, exceeds the jurisdictional limits of diversity jurisdiction of $75,000 as Plaintiff's Motion asserts damages in the amount of $3,000,000.00.

8. Jurisdiction of this action properly lies with this Court pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy is at least $75,000, exclusive of interest and costs, and the action is between citizens of different states.

9. Furthermore, removal of this action pursuant to 28 U.S.C. § 1441 is also proper for the foregoing reasons.

10. Venue is proper pursuant to 28 U.S.C. § 1441(a) because the State Court Action is pending in the Supreme Court of State of New York, County of New York.

## TIMELINESS OF REMOVAL PURSUANT TO 28 U.S.C. § 1446(b)(1)

11. Under 28 U.S.C. § 1446(b)(1), "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…"

12. Plaintiff's affidavit of service alleges that "service has been effected upon Creative Wealth Media Finance Corp. in compliance with the laws of Canada and thus in compliance with Article 10(b) of the Hague Service Convention." Exhibit A, Aff. of Service, ¶ 6.

13. Since Canada and the United States are both signatories to the Hague Convention, service of process on a Canadian defendant is governed by the Hague Convention. *See Signify N. Am. Corp. v. Axis Lighting Inc.*, No. 19CV5516 (DLC), 2019 WL 4994288, at *1 (S.D.N.Y. Oct. 8, 2019).

14. Under Article 10 of the Hague Service Convention, service of process may be effectuated through the internal laws of the state where the defendant resides. *Tile, Inc. v. Cellntell Distribution Inc.*, No. 120CV428FJSDJS, 2021 WL 2682253, at *2 (N.D.N.Y. June 30, 2021).

Here, Creative Wealth is located within the province of Ontario, Canada and, accordingly, the internal laws of Ontario govern service of process upon Creative Wealth.

15. Under the Ontario Rules of Civil Procedure, service upon a corporation shall be made "by leaving a copy of the document with an officer, director or agent of the corporation, or with a person at any place of business of the corporation who appears to be in control or management of the place of business." Ontario Rules of Civil Procedure §§ 16.01(1), 16.02(1)(c).

16. Plaintiff failed to comply with the Ontario Rules of Civil Procedure. Specifically, paragraph 4 of Plaintiff's affidavit of service alleges the following: "On March 16th, 2022, at approximately 12:34 p.m., I went to 151 Bloor Street West, Suite 700 where I met with a woman who verbally and affirmatively identified herself as Sheryl Hassen, an employee of Creative Wealth. I handed her the above-referenced documents, which she accepted, and informed her she was being served on behalf of Creative Wealth Media Finance Corp." Exhibit A, Aff. of Service, ¶ 4.

17. Cheryl Hassen is not, and has never been, an officer, director or agent of Creative Wealth. Ms. Hassen is employed by a separate company that shares the same address as Creative Wealth but is not affiliated with Creative Wealth.

18. Accordingly, service of process has not been properly effectuated under Ontario Rules of Civil Procedure §§ 16.01(1), 16.02(1)(c) and, accordingly, the Hague Service Convention and Fed. R. Civ. P. 4.

19. As service has not been properly effectuated, Creative Wealth's 30-day window to file a notice of removal pursuant to 28 U.S.C. § 1446(b) has not yet commenced or, therefore, lapsed. *See*, *e.g.*, *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("a name defendant's time to remove is triggered by simultaneous service of the summons

and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) (holding a state court lawsuit is removable under 28 U.S.C. § 1441(a) until proper service on a defendant has occurred and so long as the federal district court can assume jurisdiction over the action); *Creative Kids Far E. Inc. v. Griffin*, No. 15-CV-06027 (NSR), 2016 WL 8710479, at *3 (S.D.N.Y. Jan. 22, 2016) ("…the 30-day period for removal cannot begin to run until defendant is an official party to the proceeding and has an obligation to respond to the action, which only occurs after strict compliance with state procedural service rules…").

## CREATIVE WEALTH HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

20. As discussed herein, this Court has subject matter jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332(a).

21. Removal to the United States District Court for the Southern District of New York is proper pursuant to 28 U.S.C. § 1441(a) because the State Court Action is pending in the Supreme Court of the State of New York, County of New York. *See* Exhibit A.

22. This notice of removal is timely under 28 U.S.C. § 1446.

23. Copies of all process, pleadings, and orders in the state court action have been attached hereto. *See* Exhibit A.

24. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff by Creative Wealth, by and through their attorneys of record, and is also being filed with the clerk of the Supreme Court of the State of New York, County of New York.

25. By removing this action to this Court, Creative Wealth does not waive any available defenses, including but not limited to improper venue, or admit any of the allegations made in the Motion.

**WHEREFORE**, Creative Wealth files this Notice of Removal so that the entire State Court Action now pending in the Supreme Court of the State of New York, County of New York, be removed to this Court for all further proceedings.

Date: June 28, 2022

Respectfully submitted,

*/s/ Samuel J. Bazian*
William R. Fried
Samuel J. Bazian
Herrick, Feinstein LLP
2 Park Ave.
New York, NY 10016
p: (212) 592-1400
f: (212) 592-1500
wfried@herrick.com
sbazian@herrick.com

*Attorneys for Defendant Creative Wealth Media Finance Corp.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record are being served with this Notice of Removal by email on June 28, 2022.

*/s/ Samuel J. Bazian*
