# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------------x

HUDSON PRIVATE LP,                            :

                                                     :  Index No.

                         Plaintiff,       :

                                                         :  **SUMMONS**

                                  v.                :

CREATIVE WEALTH MEDIA FINANCE CORP.,          :

                                             :

                        Defendant.       :

------------------------------------------------------------------------x

TO THE ABOVE-NAMED DEFENDANT:

      YOU ARE HEREBY SUMMONED and required to submit to plaintiff's attorney your answering papers to this motion within the time provided in the notice of motion annexed hereto. In case of your failure to submit answering papers, summary judgment will taken against you by default for the relief demanded in the notice of motion. The basis of venue designated is a contractual provision fixing venue.

Dated: New York, NY
       March 1, 2022

                                       **MEISTER SEELIG & FEIN LLP**

                                       By:    /s/ Kevin Fritz
                                            Kevin Fritz, Esq.
                                            125 Park Avenue, 7th Floor
                                            New York, NY 10017
                                            Tel: (212) 655-3500
                                            *Attorneys for Plaintiff*

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------x
HUDSON PRIVATE LP,                                    :
                                                      :   Index No.
                              Plaintiff,              :
                                                      :   **NOTICE OF MOTION FOR**
              v.                                      :   **SUMMARY JUDGMENT IN**
                                                      :   **LIEU OF COMPLAINT**
CREATIVE WEALTH MEDIA FINANCE CORP.,                  :
                                                      :   Motion Seq. No. 001
                              Defendant.              :
-------------------------------------------------------------------------x

PLEASE TAKE NOTICE, that upon a summons, the affidavit of Christopher Conover, the memorandum of law, plaintiff Hudson Private LP ("Plaintiff") will move in the Supreme Court of the State of New York, County of New York, Room 130, at the Courthouse located at 60 Centre Street, New York, NY 10007, on April 29, 2022, at 9:30 a.m., or as soon thereafter as counsel can be heard, for an Order: (a) pursuant to CPLR § 3213, granting summary judgment against defendant Creative Wealth Media Finance Corp. ("Defendant") based upon Defendant's default under a Promissory Note dated July 16, 2020 (the "Note"); said summary judgment to be in the principal amount of $3,000,000.00, plus contractual interest at the rate of 10% per annum from July 16, 2020 through the date of collection, plus additional interest at the rate of 1.5% per month from January 3, 2022 through the date of collection, plus Plaintiff's reasonable attorneys' fees and expenses incurred in connection with the collection and enforcement of the Note; and (b) awarding Plaintiff all such other relief as the Court deems just and proper.

PLEASE TAKE FURTHER NOTICE, that pursuant to CPLR § 3213, answering papers or affidavits shall be served so as to be received by the undersigned seven (7) days prior to the return date of this motion.

1

Dated: New York, NY
March 1, 2022

**MEISTER SEELIG & FEIN LLP**

By:   /s/ Kevin Fritz
     Kevin Fritz, Esq.
     125 Park Avenue, 7th Floor
     New York, NY 10017
     Tel: (212) 655-3500
     *Attorneys for Plaintiff*

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------x
HUDSON PRIVATE LP,

                                    Plaintiff,

                       v.

CREATIVE WEALTH MEDIA FINANCE CORP.,

                                  Defendant.

: Index No.
:
:
: **AFFIDAVIT IN SUPPORT**
: **OF MOTION FOR**
: **SUMMARY JUDGMENT**
: **IN LIEU OF COMPLAINT**
:
: Motion Seq. No. 001
-----------------------------------------------------------------------x

STATE OF NEW YORK     )
                            ) ss.:
COUNTY OF ROCKLAND   )

       CHRISTOPHER CONOVER, being duly sworn, deposes and says:

       1.     I am the Chief Executive Officer of Hudson Private LP ("Plaintiff"). As such, I am fully familiar with the facts and circumstances herein.

       2.     I reside in Rockland County.

       3.     I submit this affidavit in support of Plaintiff's motion for summary judgment in lieu of complaint against defendant Creative Wealth Media Finance Corp. ("Defendant").

**The Promissory Note**

       4.     On July 16, 2020, Defendant executed the Promissory Note (the "Note") in the principal amount of $3,000,000.00 (the "Principal Note Amount"). A true copy of the Note is attached as **Exhibit A**.

       5.     The Note provides for the accrual of interest on the outstanding principal from the date of the Note at the rate of 10% per annum.

       6.     In the Note, Defendant promised to pay the Principal Note Amount plus accrued interest thereon on the date which is the earlier of: (a) twelve months from the "delivery" of the

1

final episode of the series entitled *Shadowplay* (the "Project"); or (b) December 31, 2021 (the "Maturity Date").

7.     The final episode of the Project has not been delivered, and thus the Maturity Date is December 31, 2021.

8.     Under Section 2.1 of the Note, if the Principal Note Amount plus accrued interest thereon is not paid by the Maturity Date, Plaintiff is entitled to additional interest of 1.5% per month commencing on the first business day of the next month, on the entire outstanding balance, until such time as all amounts are fully repaid.

9.     As set forth in Section 4.1 of the Note, an "Event of Default" includes Defendant's failure to pay the Principal Note Amount or accrued interest thereon by the Maturity Date.

10.     In Section 5.1 of the Note, Defendant waived diligence, presentment, protest, demand and notice of protest, demand, dishonor and nonpayment of the Note except as expressly required by the Note.

11.     The Note does not require notice of an occurrence of an Event of Default under Section 4.1, and Plaintiff may exercise any and all rights and remedies available to Plaintiff under applicable law, including, without limitation, the right to collect from Defendant all amounts due under the Note.

12.     In Section 5.5 of the Note, Defendant agreed to reimburse Plaintiff for all reasonable attorneys' fees and expenses incurred by Plaintiff in connection with the collection and enforcement of the Note.

13.     The Note is governed by New York law.

14.     In Section 5.7 of the Note, Defendant irrevocably and unconditionally submitted to the jurisdiction of the state courts of New York and the United States District Court for the

Southern District of New York, "in each case sitting in the Borough of Manhattan," and waived any objection to venue of suit therein.

**Defendant's Default**

15.    Defendant failed to pay the Principal Note Amount plus accrued interest thereon, or any portion thereof, to Plaintiff on or before the Maturity Date (or any time thereafter).

16.    Thus, the Note is currently in default.

17.    I respectfully request summary judgment in Plaintiff's favor and against Defendant.

CHRISTOPHER CONOVER

Sworn to before me this
1 day of March , 2022

Notary Public

Stephanie M Mechutan
Notary Public - State of NY
No. 01ME6255026
Rockland County
Expires April 21, 20 24

3

## Certificate of Compliance

I hereby certify that the number of words in the foregoing document, according to the word count on the word processing program utilized, inclusive of point headings and footnotes, and exclusive of the caption, tables of contents and tables of authorities (if any), signature block and this certificate of compliance is **499**.

Dated: New York, NY
    February 28, 2022

/s/ Kevin Fritz
KEVIN FRITZ

**4**

Creative Wealth Media Finance Corp.
AMENDED AND RESTATED
PROMISSORY NOTE

July 6, 2020                                                                           $1,500,000
July 16, 2020                                                                          $1,500,000

FOR VALUE RECEIVED, Creative Wealth Media Finance Corp, an Ontario corporation with offices at 151 Bloor St. West, Suite 700, Toronto, Ontario M5S 1S4 (the "Borrower"), promises to pay to Hudson Private LP, with offices at 15 East Central Avenue, Pearl River, New York 10965, or its permitted assignees, transferees and successors as provided herein (the "Holder"), or as the Holder may direct, at the address of the Holder provided on the signature page hereto or at such other location as the Holder may designate, $3,000,000 or such lesser principal amount as shall be outstanding hereunder (the "Principal Note Amount"), plus any interest thereon from the date of this Promissory Note ("Note") at an interest rate equal to 10.0% per annum, compounded annually on the outstanding principal amount of this Note (the "Interest Rate").

1.      Note.  This Note is issued by the Borrower on the date first set forth above to fund production costs for the series entitled "Shadowplay" (Episodes 101-108) (the "Project").

2.      Principal and Interest Payments.

2.1      The entire Principal Note Amount together with accrued and unpaid interest thereon will be due and payable on the date which is the earlier of (i) twelve (12) months from the "delivery" of the final episode or (ii) December 31, 2021 ("Maturity Date") unless this Note has been previously repaid in accordance with Section 3. If Holder has not received the Principal Note Amount plus Interest by the Maturity Date, Holder shall be entitled to additional interest of 1.5% per month ("Additional Interest") commencing on the first business day of the next month, on the entire outstanding balance, until such time as all amounts due are fully repaid. The Additional Interest shall not be compounded.

2.2      The Principal Note Amount and interest on this Note will be payable in the lawful currency of the United States of America by wire transfer of immediately available funds to the account set forth on Appendix A and without set-off or counterclaim, free and clear of and without deduction for any present or future taxes, restrictions or conditions of any nature.

2.3      Whenever any payment on this Note is stated to be due on a day which is not a business day, the payment will be made on the next succeeding business day and the extension of time will be included in the computation of the payment of interest of this Note.

3.      Prepayment.  This Note may be prepaid by the Borrower at any time, in whole or in part.

4.      Default; Acceleration. The occurrence of any one or more of the following events with respect to the Borrower constitutes an event of default hereunder ("Event of Default"):

4.1      The Borrower fails to pay the Principal Note Amount or the accrued interest thereon when due;

4.2     The Borrower breaches any covenant, representation or warranty in this Note and the Borrower fails to cure such breach within ten days after receipt of written notice thereof from the Holder;

4.3     The Borrower (a) voluntarily becomes subject to any proceeding under the U.S. Bankruptcy Code or any similar remedy under state statutory or common law, or (b) admits in writing its inability to pay debts generally as they become due;

4.4     Within 60 days after the commencement of proceedings against the Borrower seeking any bankruptcy, insolvency, liquidation, dissolution or similar relief under any present or future statute, law or regulation (a) such action has not been dismissed or all orders or proceedings thereunder affecting the operations or the business of the Borrower has not been stayed, or (b) the stay of any such order or proceedings has been set aside, or, within 60 days after the appointment without the consent or acquiescence of the Borrower of any trustee, receiver or liquidator of the Borrower or of all or any substantial part of the properties of the Borrower, the appointment has not been vacated; and

4.5     A final judgment is rendered against the Borrower that, together with other outstanding final judgments against the Borrower, exceeds an aggregate of $250,000 and within 60 days after its entry the judgment has not been discharged or its execution stayed pending appeal and within 60 days after the expiration of any stay the judgment has not been discharged.

Upon the occurrence of an Event of Default under this Note, (a) except in the case of an Event of Default under Section 4.1, the Borrower shall give the Holder prompt notice of the occurrence of such Event of Default and (b) the Holder may, at its option, (i) declare the entire unpaid principal balance of this Note, together with all accrued interest thereon, immediately due and payable regardless of any prior forbearance upon written notice to the Borrower and/or (ii) exercise any and all rights and remedies available to them under law or this Note; provided, however, in the case of an Event of Default under Section 4.3 or Section 4.4 of this Note, without any notice to the Borrower or any other act by the Holder, the unpaid principal balance and interest accrued on this Note shall immediately become due and payable without presentment, demand, protest or further notice of any kind, all of which are hereby expressly waived by the Borrower. The Holder may exercise any and all rights and remedies available to the Holder under applicable law, including, without limitation, the right to collect from the Borrower all amounts due under this Note.

5.     Miscellaneous.

5.1     Waiver by the Borrower. The Borrower waives diligence, presentment, protest, demand and notice of protest, demand, dishonor and nonpayment of this Note except to the extent expressly required by this Note, and expressly agrees that this Note, and any payment under it, may be extended by the Holder from time to time without in any way affecting the liability of the Borrower.

5.2     Waiver by the Holder and Amendment. Any term of this Note may be amended or waived only the written consent of the Borrower and the Holder. Any amendment or waiver effected in accordance with this Section 5.2 shall be binding upon the Borrower, the Holder and each transferee of this Note.

5.3     <u>Restrictions on Assignment</u>. The Borrower will not assign this Note or any of its rights, duties or obligations under this Note without first obtaining the written consent of the Holder.

5.4     <u>Successors; Permitted Assign</u>. All rights and obligations of the Borrower and the Holder shall be binding upon and benefit the affiliates, members, managers, successors, assigns, heirs and administrators of the parties. For the purposes of this Section 5.4, Holder means any person who is at the time the registered holder of this Note.

5.5     <u>Costs of Collection</u>. The Borrower agrees to reimburse the Holder for all reasonable attorneys' fees and expenses incurred by the Holder in connection with the collection and enforcement of this Note.

5.6     <u>Rights and Remedies Cumulative</u>. The rights and remedies of the Holder under this Note and as may otherwise be available at law or in equity are cumulative and concurrent and at the sole discretion of the Holder may be pursued singly, successively or together and exercised as often as the Holder desires.

5.7     <u>Governing Law; Consent to Jurisdiction</u>. This Note will be governed and construed in accordance with the laws of the State of New York. The parties (a) hereby irrevocably and unconditionally submit to the jurisdiction of the state courts of New York and to the jurisdiction of the United States District Court for the Southern District of New York, in each case sitting in the Borough of Manhattan, for the purpose of any suit, action or other proceeding arising out of or based upon this Agreement, (b) agree not to commence any suit, action or other proceeding arising out of or based upon this Agreement except in the state courts of New York or the United States District Court for the Southern District of New York, in each case sitting in the Borough of Manhattan, and (c) hereby waive, and agree not to assert, by way of motion, as a defense, or otherwise, in any such suit, action or proceeding, any claim that it is not subject personally to the jurisdiction of the above-named courts, that its property is exempt or immune from attachment or execution, that the suit, action or proceeding is brought in an inconvenient forum, that the venue of the suit, action or proceeding is improper or that this Agreement or the subject matter hereof may not be enforced in or by such court.

5.8     <u>TRIAL BY JURY</u>. THE BORROWER HEREBY WAIVES AND AGREES THAT THE BORROWER WILL NOT ASSERT IN ANY CAPACITY ANY RIGHT TO TRIAL BY JURY IN ANY FORUM WITH RESPECT TO ANY ISSUE, CLAIM, DEMAND OR ACTION ARISING OUT OF OR BASED UPON THIS NOTE, WHETHER FOUNDED IN CONTRACT, TORT OR OTHERWISE.

5.9     <u>Notices</u>. Any notice required or permitted hereunder shall be given in writing and shall be conclusively deemed effectively given upon personal delivery or delivery by courier, or five days after deposit in the United States mail, by registered or certified mail, postage prepaid, addressed (a) if to the Borrower, as set forth herein, and (b) if to the Holder, at the Holder's address as set forth herein, or at such other address as the Borrower or the Holder may designate by at least ten days' advance written notice to the other party hereto.

5.10     <u>Lost or Stolen Note</u>. Upon receipt of evidence reasonably satisfactory to the Borrower of the loss, theft, destruction or mutilation of this Note and, in the case of loss, theft or destruction, upon receipt of an indemnity reasonably satisfactory to the Borrower, or in the case of mutilation, upon surrender and cancellation of this Note, the Borrower, at its expense, will make and deliver a new Note, of like tenor, in lieu of the lost, stolen, destroyed or mutilated Note.

5.11     <u>Severability</u>. If one or more provisions of this Note are held unenforceable under applicable law, the unenforceable provision will be excluded from this Note and the balance of this Note will be interpreted as if such provision were so excluded and will be enforceable in accordance with its terms. The parties to this Note agree to replace any void or unenforceable provision of this Note with a valid and enforceable provision that will achieve, to the extent possible, the economic, business and other purposes of the void or unenforceable provision.

5.12     <u>Headings; References</u>. All headings used herein are used for convenience only and will not be used to construe or interpret this Note. Except where otherwise indicated, all references herein to Sections refer to Sections of this Note.

5.13     <u>Entire Agreement</u>. This instrument represents the entire agreement between the parties hereto with respect to this Note, the debt evidence by this Note, and its terms and conditions.

[SIGNATURE PAGE FOLLOWS]

INDEX NO. 650952/2022
RECEIVED NYSCEF: 03/01/2022

IN WITNESS WHEREOF, the Borrower has executed this Note by it duly authorized officer as of the date and year first written above.

CREATIVE WEALTH MEDIA FINANCE CORP.

By: _____

Jason Cloth, Authorized Signing Officer

Address:   151 Bloor St West, Suite 700, Toronto, Ontario M5S 1S4

[PROMISSORY NOTE]

**Appendix A**

**Wiring Instructions**

Hudson Private LP
15 East Central Avenue
Pearl River, NY 10965
(845) 920-1600

Wire Information:

Beneficiary Bank Name: BankUnited
Miami Lakes, Florida (USA)
Receiving Bank SWIFT: BUFB US 3M
ABA / Routing Number: 2670-9059-4
Beneficiary Acct. #: ████5520
Beneficiary Name: Hudson Private LP

49811243_1

# REQUEST FOR JUDICIAL INTERVENTION

UCS-840
(rev. 02/01/2022)

## Supreme COURT, COUNTY OF New York

Index No: _____    Date Index Issued: _____

| For Court Use Only: |
| --- |

| **CAPTION**   Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet. | IAS Entry Date |
| --- | --- |

Hudson Private LP

Plaintiff(s)/Petitioner(s)

Judge Assigned

-against-

Creative Wealth Media Finance Corp.

RJI Filed Date

Defendant(s)/Respondent(s)

## NATURE OF ACTION OR PROCEEDING:   Check only one box and specify where indicated.

### COMMERCIAL
- ☐ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ☒ Contract
- ☐ Insurance (where insurance company is a party, except arbitration)
- ☐ UCC (includes sales and negotiable instruments)
- ☐ Other Commercial (specify): _____

**NOTE:** For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the **COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C)**.

### TORTS
- ☐ Asbestos
- ☐ Child Victims Act
- ☐ Environmental (specify): _____
- ☐ Medical, Dental or Podiatric Malpractice
- ☐ Motor Vehicle
- ☐ Products Liability (specify): _____
- ☐ Other Negligence (specify): _____
- ☐ Other Professional Malpractice (specify): _____
- ☐ Other Tort (specify): _____

### SPECIAL PROCEEDINGS
- ☐ Child-Parent Security Act (specify): ☐ Assisted Reproduction ☐ Surrogacy Agreement
- ☐ CPLR Article 75 - Arbitration    [see **NOTE** in **COMMERCIAL** section]
- ☐ CPLR Article 78 - Proceeding against a Body or Officer
- ☐ Election Law
- ☐ Extreme Risk Protection Order
- ☐ MHL Article 9.60 - Kendra's Law
- ☐ MHL Article 10 - Sex Offender Confinement (specify):    ☐ Initial    ☐ Review
- ☐ MHL Article 81 (Guardianship)
- ☐ Other Mental Hygiene (specify): _____
- ☐ Other Special Proceeding (specify): _____

### MATRIMONIAL
- ☐ Contested
  **NOTE:** If there are children under the age of 18, complete and attach the **MATRIMONIAL RJI Addendum (UCS-840M)**.
  For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (**UD-13**).

### REAL PROPERTY   Specify how many properties the application includes: _____
- ☐ Condemnation
- ☐ Mortgage Foreclosure (specify): ☐ Residential    ☐ Commercial
  Property Address: _____
  **NOTE:** For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the **FORECLOSURE RJI ADDENDUM (UCS-840F)**.
- ☐ Partition
  **NOTE:** Complete and attach the **PARTITION RJI ADDENDUM (UCS-840P)**.
- ☐ Tax Certiorari (specify):   Section: _____ Block: _____ Lot: _____
- ☐ Tax Foreclosure
- ☐ Other Real Property (specify): _____

### OTHER MATTERS
- ☐ Certificate of Incorporation/Dissolution   [see **NOTE** in **COMMERCIAL** section]
- ☐ Emergency Medical Treatment
- ☐ Habeas Corpus
- ☐ Local Court Appeal
- ☐ Mechanic's Lien
- ☐ Name Change/Sex Designation Change
- ☐ Pistol Permit Revocation Hearing
- ☐ Sale or Finance of Religious/Not-for-Profit Property
- ☐ Other (specify): _____

## STATUS OF ACTION OR PROCEEDING   Answer YES or NO for every question and enter additional information where indicated.

|  | YES | NO |  |  |
| --- | :---: | :---: | --- | --- |
| Has a summons and complaint or summons with notice been filed? | ☒ | ☐ | If yes, date filed: | 03/01/2022 |
| Has a summons and complaint or summons with notice been served? | ☐ | ☒ | If yes, date served: | _____ |
| Is this action/proceeding being filed post-judgment? | ☐ | ☒ | If yes, judgment date: | _____ |

## NATURE OF JUDICIAL INTERVENTION   Check one box only and enter additional information where indicated.

- ☐ Infant's Compromise
- ☐ Extreme Risk Protection Order Application
- ☐ Note of Issue/Certificate of Readiness
- ☐ Notice of Medical, Dental or Podiatric Malpractice   Date Issue Joined: _____
- ☒ Notice of Motion   Relief Requested: _____   Return Date: _____
- ☐ Notice of Petition   Relief Requested: _____   Return Date: _____
- ☐ Order to Show Cause   Relief Requested: _____   Return Date: _____
- ☐ Other Ex Parte Application   Relief Requested: _____
- ☐ Partition Settlement Conference
- ☐ Poor Person Application
- ☐ Request for Preliminary Conference
- ☐ Residential Mortgage Foreclosure Settlement Conference
- ☐ Writ of Habeas Corpus
- ☐ Other (specify): _____

## RELATED CASES

List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank.
If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**.

| Case Title | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case |
|---|---|---|---|---|
| Hudson Private Corp. v. Bron Creative | 650797/2022 | Supreme NY County | unassigned | related parties |
| | | | | |
| | | | | |
| | | | | |

## PARTIES

For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**.

| Un-Rep | Parties<br>List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | Attorneys and Unrepresented Litigants<br>For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | Issue Joined<br>For each defendant, indicate if issue has been joined. | Insurance Carriers<br>For each defendant, indicate insurance carrier, if applicable. |
|---|---|---|---|---|
| ☐ | Name: Hudson Private LP<br><br>Role(s): Plaintiff/Petitioner | KEVIN FRITZ, Meister Seelig & Fein, LLP, 125 Park Avenue, 7th Floor , New York, NY 10017, 212-655-3570, kaf@msf-law.com | ☒ YES ☐ NO | |
| ☐ | Name: Creative Wealth Media Finance Corp.<br>Role(s): Defendant/Respondent | Shivani Poddar, Herrick Feinstein LLP, Two Park Avenue, New York, NY 10016, 212-592-1446, spoddar@herrick.com | ☐ YES ☒ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES ☐ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated: 03/01/2022

KEVIN A FRITZ
Signature

4098190
Attorney Registration Number

KEVIN A FRITZ
Print Name

*This form was generated by NYSCEF*

INDEX NO. 650952/2022
RECEIVED NYSCEF: 03/01/2022

**SUPREME COURT OF THE STATE OF NEW YORK**

**COUNTY OF  New York**

UCS-840C
3/2011

———————————————————————————— X

Hudson Private LP

Index No:

RJI No. (if any):

**Plaintiff(s)/Petitioner(s)**

-against-

Creative Wealth Media Finance Corp.

## COMMERCIAL DIVISION

**Request for Judicial Intervention Addendum**

**Defendant(s)/Respondent(s)**
———————————————————————————— X

**COMPLETE WHERE APPLICABLE** [add additional pages if needed]:

**Plaintiff/Petitioner's cause(s) of action** [check all that apply]:

☒ Breach of contract or fiduciary duty, fraud, misrepresentation, business tort (e.g. unfair competition), or statutory and/or common law violation where the breach or violation is alleged to arise out of business dealings (e.g. sales of assets or securities; corporate restructuring; partnership, shareholder, joint venture, and other business agreements; trade secrets; restrictive covenants; and employment agreements not including claims that principally involve alleged discriminatory practices)

☐ Transactions governed by the Uniform Commercial Code (exclusive of those concerning individual cooperative or condominium units)

☐ Transactions involving commercial real property, including Yellowstone injunctions and excluding actions for the payment of rent only

☐ Shareholder derivative actions — without consideration of the monetary threshold

☐ Commercial class actions — without consideration of the monetary threshold

☐ Business transactions involving or arising out of dealings with commercial banks and other financial institutions

☐ Internal affairs of business organizations

☐ Malpractice by accountants or actuaries, and legal malpractice arising out of representation in commercial matters

☐ Environmental insurance coverage

☐ Commercial insurance coverage (e.g. directors and officers, errors and omissions, and business interruption coverage)

☐ Dissolution of corporations, partnerships, limited liability companies, limited liability partnerships and joint ventures — without consideration of the monetary threshold

☐ Applications to stay or compel arbitration and affirm or disaffirm arbitration awards and related injunctive relief pursuant to CPLR Article 75 involving any of the foregoing enumerated commercial issues — without consideration of the monetary threshold

**Plaintiff/Petitioner's claim for compensatory damages** [exclusive of punitive damages, interest, costs and counsel fees claimed]:

3000000.00

**Plaintiff/Petitioner's claim for equitable or declaratory relief** [brief description]:

**Defendant/Respondent's counterclaim(s)** [brief description, including claim for monetary relief]:

**I REQUEST THAT THIS CASE BE ASSIGNED TO THE COMMERCIAL DIVISION. I CERTIFY THAT THE CASE MEETS THE JURISDICTIONAL REQUIREMENTS OF THE COMMERCIAL DIVISION SET FORTH IN 22 NYCRR § 202.70(a), (b) and (c).**

**Dated:**   03/01/2022

KEVIN A FRITZ

**SIGNATURE**

KEVIN A FRITZ

**PRINT OR TYPE NAME**

*This form was generated by NYSCEF*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------------x

HUDSON PRIVATE LP,                             :

                                       :  Index No. 650952/2022

                   Plaintiff,        :

                                       :  Motion Seq. No. 001

                       v.              :

                                       :

CREATIVE WEALTH MEDIA FINANCE CORP.,  :

                                       :

                   Defendant.     :

-----------------------------------------------------------------------x

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
IN LIEU OF COMPLAINT**

**MEISTER SEELIG & FEIN LLP**
Kevin Fritz, Esq.
125 Park Avenue, 7th Floor
New York, NY 10017
Phone: (212) 655-3500

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ ii

FACTS………………………………………………………………………………..1

ARGUMENT……..………………………………………………………………...…..2

    A.  The Note is an Instrument for the Payment of Money Only………………………....2

    B.  Defendant Defaulted on the Note……………………………………………………2

CONCLUSION ................................................................................................................3

i

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*DD Partners, LLC v. Celenza,*
  6 A.D.3d 347 (1st Dep't 2004) ..........................................................................3

*Poah One Acq. Holdings V Ltd. v. Armenta,*
  96 A.D.3d 560 (1st Dep't 2012) .......................................................................2

*Seaman-Andwall Corp. v. Wright Machine Corp.,*
  31 A.D.2d 136 (1st Dep't 1968) .......................................................................3

*Weissman v. Sinorm Deli, Inc.,*
  88 N.Y.2d 437, 646 N.Y.S.2d 308, 669 N.E.2d 242 (1996).......................2

**Rules**

CPLR § 3213...........................................................................................................1, 2

ii

Plaintiff Hudson Private LP ("Plaintiff") respectfully submits this memorandum of law in support of its motion, pursuant to CPLR § 3213, for summary judgment in lieu of complaint. This is an action to recover sums due to Plaintiff pursuant to a written promissory note executed by defendant Creative Wealth Media Finance Corp. ("Defendant").

## FACTS

On July 16, 2020, Defendant executed the Promissory Note (the "Note") in the principal amount of $3,000,000.00 (the "Principal Note Amount"). (Conover Aff., Ex. A). The Note provides for the accrual of interest on the outstanding principal from the date of the Note at the rate of 10% per annum. (*Id.*, p. 1).

In the Note, Defendant promised to pay the Principal Note Amount plus accrued interest thereon on the date which is the earlier of: (a) twelve months from the "delivery" of the final episode of the series entitled *Shadowplay* (the "Project"); or (b) December 31, 2021 (the "Maturity Date"). (*Id.*, §§ 1, 2.1).

The final episode of the Project has not been delivered, and thus the Maturity Date is December 31, 2021. Conover Aff., ¶ 7).

As set forth in Section 4.1 of the Note, an "Event of Default" includes Defendant's failure to pay the Principal Note Amount or accrued interest thereon by the Maturity Date. (Conover Aff., Ex. A, § 4.1). In the Note, Defendant waived diligence, presentment, protest, demand and notice of protest, demand, dishonor and nonpayment of the Note except as expressly required by the Note. (*Id.*, § 5.1). The Note does not require notice of an occurrence of an Event of Default under Section 4.1, and Plaintiff may exercise any and all rights and remedies available to Plaintiff under applicable law, including, without limitation, the right to collect from Defendant all amounts due under the Note. (*Id.*, § 4.5).

1

9441/3/7956935.v1

In Section 5.5 of the Note, Defendant agreed to reimburse Plaintiff for all reasonable attorneys' fees and expenses incurred by Plaintiff in connection with the collection and enforcement of the Note. (*Id.*, § 5.5).

The Note is governed by New York law. (*Id.*, § 5.7). In Section 5.7 of the Note, Defendant irrevocably and unconditionally submitted to the jurisdiction of the state courts of New York and the United States District Court for the Southern District of New York, "in each case sitting in the Borough of Manhattan," and waived any objection to venue of suit therein. (*Id.*).

Defendant failed to pay the Principal Note Amount, plus interest, or any portion thereof, to Plaintiff on or before the Maturity Date. (Conover Aff., ¶ 15).

## ARGUMENT

### A.    The Note is an Instrument for the Payment of Money Only

CPLR § 3213 provides that:

> [w]hen an action is based upon an instrument for the payment of money only … the plaintiff may serve with the summons and notice of motion for summary judgment and the supporting papers in lieu of a complaint.

(CPLR § 3213). Documents that qualify as "instruments for the payment of money only" are those upon which a *prima facie* case can be made out by the instrument itself, plus proof that the payments required under the terms of the instrument were not made. *Weissman v. Sinorm Deli, Inc.*, 88 N.Y.2d 437, 646 N.Y.S.2d 308, 669 N.E.2d 242 (1996). A motion under CPLR § 3213 is an appropriate means to collect on a promissory note. *Poah One Acq. Holdings V Ltd. v. Armenta*, 96 A.D.3d 560 (1st Dep't 2012).

### B.    Defendant Defaulted on the Note

A plaintiff in an action seeking summary judgment in lieu of a complaint pursuant to CPLR § 3213 on a promissory note establishes *prima facie* its entitlement to judgment as a matter of law

by (i) producing and establishing the existence of the promissory note executed by the defendant, and (ii) demonstrating that the defendant has defaulted thereon. *DD Partners, LLC v. Celenza*, 6 A.D.3d 347, 348 (1st Dep't 2004); *Seaman-Andwall Corp. v. Wright Machine Corp.*, 31 A.D.2d 136, 137 (1st Dep't 1968), *aff'd*, 29 N.Y.2d 617, 273 N.E.2d 138, 324 N.Y.S.2d 410 (1971).

Defendant executed the Note but has defaulted thereon. Specifically, under the Note, Defendant was obligated to pay the Principal Note Amount plus accrued interest thereon, to Plaintiff on or before December 31, 2021. (Conover Aff., ¶¶ 6 – 7). However, Defendant failed to pay the Principal Note Amount, plus interest, or any portion thereof, to Plaintiff on or before the Maturity Date. (*Id.* ¶ 15).

Thus, Plaintiff has established a *prima facie* case. Where, as here, a *prima facie* case is established, it is "incumbent on defendants to come forward with evidentiary proof sufficient to raise an issue as to the defenses." *Seaman-Andwall Corp.*, 31 A.D.2d at 137-38.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in the accompanying affidavit, Plaintiff is entitled to summary judgment against Defendant in the amount of $3,000,000.00, plus contractual interest at the rate of 10% per annum from July 16, 2020 through the date of collection, plus additional interest at the rate of 1.5% per month from January 3, 2022 through the date of collection, plus Plaintiff's reasonable attorneys' fees and expenses incurred in connection with the collection and enforcement of the Note.

Dated: New York, NY
       March 1, 2022

**MEISTER SEELIG & FEIN LLP**

By:   /s/ Kevin Fritz
      Kevin Fritz, Esq.
      125 Park Avenue, 7th Floor
      New York, NY 10017
      Tel: (212) 655-3500
      *Attorneys for Plaintiff*

3

9441/3/7956935.v1

### Certificate of Compliance

I hereby certify that the number of words in the foregoing document, according to the word count on the word processing program utilized, inclusive of point headings and footnotes, and exclusive of the caption, tables of contents and tables of authorities (if any), signature block and this certificate of compliance is **860**.

Dated: New York, NY
      March 1, 2022

/s/ Kevin Fritz
_____
KEVIN FRITZ

4

9441/3/7956935.v1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| HUDSON PRIVATE LP, | ) |
| | ) |
| | ) |
| | ) |
| ———————————————— | ) |
| *Plaintiff(s)* | ) |
| | ) |
| v. | )   Index No. 650952/2022 |
| | ) |
| CREATIVE WEALTH MEDIA FINANCE | ) |
| CORP. | ) |
| | ) |
| ———————————————— | ) |
| *Defendant(s)* | ) |

## <u>AFFIDAVIT OF SERVICE UPON CREATIVE WEALTH MEDIA FINANCE CORP.</u>

I, Gerald Gratton, being duly sworn, says:

1. I am a process server employed by Action Process Serving Ltd, located at Suite 1230-777

   Hornby Street, Vancouver, British Columbia V6Z 1S4, Canada, and am authorized to

   serve legal process in Canada.

2. On or about March 2, 2022, Action Process Serving Ltd was asked to serve the following

   documents upon defendant Creative Wealth Media Finance Corp. ("Creative Wealth"):

   - Hague Service Convention *Warning* and *Summary of the Document to be Served*,
     copies of which are attached hereto as Exhibit A
   - Notice of Electronic Filing
   - Summons
   - Notice of Motion for Summary Judgment In Lieu of Complaint
   - Affidavit in Support of Motion for Summary Judgment in Lieu of Complaint
   - Plaintiffs Memorandum of Law in Support of its Motion for Summary Judgment
     in Lieu of Complaint
   - Request for Judicial Intervention

1

- Request for Judicial Intervention Addendum

3. According to Plaintiff's counsel, Creative Wealth is located at 151 Bloor Street West, Suite 700, Toronto, Ontario M5S 1S4, Canada.

4. On March 16th, 2022 at approximately 12:34 p.m., I went to 151 Bloor Street West, Suite 700 where I met with a woman who verbally and affirmatively identified herself as Sheryl Hassen, an employee of Creative Wealth. I handed her the above-referenced documents, which she accepted, and informed her she was being served on behalf of Creative Wealth Media Finance Corp.

5. Ms. Hassen is Caucasian, approximately 55 years old, 5'8 tall, 155 pounds, with light brown hair.

6. I believe service has been effected upon Creative Wealth Media Finance Corp. in compliance with the laws of Canada and thus in compliance with Article 10(b) of the Hague Service Convention.

2APRIL22
_____
Date

_____
Gerald Gratton, Process Server

Sworn to before me at ___PICKERING___, Ontario this _2nd_ day of April, 2022

_____
Signature of Canadian Commissioner of Oaths

Jessica Lee Lamoureux, a Commissioner, etc.,
Province of Ontario, for Reliance Legal
Services Limited, and for process serving only.
Expires April 3, 2022.

2

REFERRED TO IN THE AFFIDAVIT OF

GERALD GRATTON

SWORN BEFORE ME THIS 2nd

DAY OF APRIL ,20 22

A COMMISSIONER, ETC.

Jessica Lee Lamoureux, a Commissioner, etc.,
Province of Ontario, for Reliance Legal
Services Limited, and for process serving only.
Expires April 3, 2022.

**Hudson Private LP v. Creative Wealth Media Finance Corp.**
**Index No. 650952/2022**

**WARNING**
*AVERTISSEMENT*

*(recommended by the Fourteenth Session of*
*Hague Conference of October 1980)*

**identity and address of the addressee**
*identité et adresse du destinataire*

> **CREATIVE WEALTH MEDIA FINANCE CORP.**
> 151 Bloor Street West, Ste. 700
> Toronto M5S 1S4
> CANADA

**IMPORTANT**

THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE "SUMMARY OF THE DOCUMENT TO BE SERVED" WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD, HOWEVER, READ THE DOCUMENT ITSELF CAREFULLY. IT MAY BE NECESSARY TO SEEK LEGAL ADVICE.

IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.

ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:

> The Legal Aid Society
> 199 Water Street
> New York, New York 10038
> U.S.A.
> Tel.: +1.212.577.3300

*TRÈS IMPORTANT*

*LE DOCUMENT CI-JOINT EST DE NATURE JURIDIQUE ET PEUT AFFECTER VOS DROITS ET OBLIGATIONS. LES "ELÉMENTS ESSENTIELS DE L'ACTE" VOUS DONNENT QUELQUES INFORMATIONS SUR SA NATURE ET SON OBJET. IL EST TOUTEFOIS INDISPENSABLE DE LIRE ATTENTIVEMENT LE TEXTE MÊME DU DOCUMENT. IL PEUT ÊTRE NÉCESSAIRE DE DEMANDER UN AVIS JURIDIQUE.*

*SI VOS RESSOURCES SONT INSUFFISANTES, RENSEIGNEZ-VOUS SUR LA POSSIBILITÉ D'OBTENIR L'ASSISTANCE JUDICIAIRE ET LA CONSULTATION JURIDIQUE SOIT DANS VOTRE PAYS SOIT DANS LE PAYS D'ORIGINE DU DOCUMENT.*

*LES DEMANDES DE RENSEIGNEMENTS SUR LES POSSIBILITÉS D'OBTENIR L'ASSISTANCE JUDICIAIRE OU LA CONSULTATION JURIDIQUE DANS LE PAYS D'ORIGINE DU DOCUMENT PEUVENT ÊTRE ADRESSÉES :*

> *The Legal Aid Society*
> *199 Water Street*
> *New York, New York 10038*
> *U.S.A.*
> *Tel.: +1.212.577.3300*

**Hudson Private LP v. Creative Wealth Media Finance Corp.**
**Index No. 650952/2022**

## SUMMARY OF THE DOCUMENT TO BE SERVED
*ELEMENTS ESSENTIELS DE L'ACTE*

Convention on the service abroad of judicial and extrajudicial documents in civil or commercial
matters, signed at The Hague, November 15, 1965.
*Convention relative à la signification et à la notification à l'étranger des actes judiciaires et extrajudiciares*
*en matière civile ou commerciale, signée à La Haye, le 15 Novembre 1965.*

**(article 5, fourth paragraph)**
*(article 5, alinéa 4)*

**Name and address of the requesting authority:**
*Nom et adresse de l'autorité requérante :*      Kevin Fritz, Esq., Meister Seelig & Fein LLP

125 Park Avenue, 7th Floor

New York, New York, 10017 USA

**Particulars of the parties\*:**
*Identité des parties :*      Hudson Private LP, *Plaintiff,* v. **Creative Wealth Media Finance Corp.,** *Defendant.*

### JUDICIAL DOCUMENT\*\*
*ACTE JUDICIAIRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte :*      To give notice to the Defendant that a Motion for Summary Judgment in Lieu of Complaint has been filed against it.

**Nature and purpose of the proceedings and, where appropriate, the amount in dispute:**
*Nature et objet de l'instance, le cas échéant, le montant du litige :*      A civil proceeding has been commenced against the Defendant.

**Date and place for entering appearance\*\*:**
*Date et lieu de la comparution :*      On April 29, 2022 at 9:30 a.m. in the Courthouse of the Supreme Court of the State of New York, County of
New York, 60 Centre Street, New York, New York 10007, Plaintiff will move for an Order granting summary judgment against the
defendant. Defendant's answering papers or affidavits shall be served so as to be received by Plaintiff's attorney by April 22, 2022.
Plaintiff's attorney is: Kevin Fritz, Esq., MEISTER SEELIG & FEIN LLP, 125 Park Avenue, 7th Floor, New York, New York 10017, USA.

**Court which has given judgment\*\*:**
*Juridiction qui a rendu la décision :*      N/A

**Date of judgment\*\*:**
*Date de la décision :*      N/A

**Time limits stated in the document\*\*:**
*Indication des délais figurant dans l'acte :*      Answering papers or affidavits must be received by Plaintiff's attorney by April 22, 2022. In case of
Defendant's failure to submit answering papers, summary judgment by default will be taken against Defendant for the relief demanded in the
notice of motion.

### EXTRAJUDICIAL DOCUMENT\*\*
*ACTE EXTRAJUDICIAIRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte :*      N/A

**Time limits stated in the document\*\*:**
*Indication des délais figurant dans l'acte :*      N/A

\*   If appropriate, identity and address of the person interested in the transmission of the document.
    *S'il y a lieu, identité et adresse de la personne intéressée à la transmission de l'acte.*
\*\*  Delete if inappropriate.
    *Rayer les mentions inutiles.*

★U.S. Government Printing Office: 1990-262-211/15302

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                     :     Index No. 650952/2022

HUDSON PRIVATE LP,                       :
                                     :

               Plaintiff,        :     Motion Seq. # 1
                                     :

                                     :     **STIPULATION OF**
            v.                   :     **ADJOURNMENT**
                                     :

                                     :

CREATIVE WEALTH MEDIA FINANCE CORP.,   :
                                     :

             Defendant.      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

      **IT IS STIPULATED AND AGREED** by and between Plaintiff Hudson Private LP ("Plaintiff") and Defendant Creative Wealth Media Finance Corp. ("Defendant"), by and through their undersigned counsel, that:

      1.      The April 29, 2022 return date for Plaintiff's Motion for Summary Judgment in Lieu of Complaint (Mot. Seq. No. 1) (the "**Motion**") is hereby adjourned to June 28, 2022;

      2.      Defendant's answering papers in response to the Motion shall be filed via NYSCEF on or before May 13, 2022;

      3.      Plaintiff's reply papers shall be filed via NYSCEF on or before June 27, 2022;

      4.      Nothing herein constitutes a waiver or forfeiture of any objection to the timeliness of any Notice of Removal; and

      **IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be signed in counterparts, and facsimile and .pdf copies of such counterparts may be submitted to the Court and shall be binding upon the parties as if they were originals.

Dated: New York, New York
     April 20, 2022

MEISTER SEELIG & FEIN LLP

By:    /s/ Kevin A. Fritz
       ———————————————

Kevin A. Fritz, Esq.
125 Park Avenue
7th Floor
New York, NY 10017
Tel.: (212) 655-3570
*Attorneys for Plaintiff*

HERRICK, FEINSTEIN LLP

By: ———————————————

William R. Fried, Esq.
Samuel J. Bazian, Esq.
2 Park Avenue
New York, New York 10016
Tel.: (212) 592-1400
*Attorneys for Defendant*

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HUDSON PRIVATE LP,

               Plaintiff,

               v.

CREATIVE WEALTH MEDIA FINANCE CORP.,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Index No. 650952/2022

Motion Seq. # 1

**SO-ORDERED STIPULATION**
**OF ADJOURNMENT**

**IT IS STIPULATED AND AGREED** by and between Plaintiff Hudson Private LP ("Plaintiff") and Defendant Creative Wealth Media Finance Corp. ("Defendant"), by and through their undersigned counsel that:

1.      The June 28, 2022, return date for Plaintiff's Motion for Summary Judgment in Lieu of Complaint (Mot. Seq. No. 1) (the "**Motion**") is hereby adjourned to August 12, 2022;

2.      Defendant's answering papers in response to the Motion shall be filed via NYSCEF on or before June 16, 2022;

3.      Plaintiff's reply papers shall be filed via NYSCEF on or before August 11, 2022;

4.      Nothing herein constitutes a waiver or forfeiture of any objection to the timeliness of any Notice of Removal; and

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be signed in counterparts, and facsimile and .pdf copies of such counterparts may be submitted to the Court and shall be binding upon the parties as if they were originals.

Dated: New York, New York
      May 20, 2022

MEISTER SEELIG & FEIN LLP

By: /s/ Kevin A. Fritz

Kevin A. Fritz, Esq.
125 Park Avenue
7th Floor
New York, NY 10017
Tel.: (212) 655-3570
*Attorneys for Plaintiff*

HERRICK, FEINSTEIN LLP

By: _____

William R. Fried, Esq.
Samuel J. Bazian, Esq.
2 Park Avenue
New York, New York 10016
Tel.: (212) 592-1400
*Attorneys for Defendant*

Dated:

SO ORDERED:

_____
Hon. Melissa A. Crane

2

FILED: NEW YORK COUNTY CLERK 05/23/2022 03:49 PM    INDEX NO. 650952/2022
FILED: NEW YORK COUNTY CLERK 05/20/2022 05:04 PM    RECEIVED NYSCEF: 05/20/2022

NYSCEF DOC. NO. 10                                  RECEIVED NYSCEF: 05/20/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HUDSON PRIVATE LP,                    :    Index No. 650952/2022

                         Plaintiff,   :    Motion Seq. # 1

            v.                        :    **SO-ORDERED STIPULATION**
                                           **OF ADJOURNMENT**

CREATIVE WEALTH MEDIA FINANCE CORP.,  :

                         Defendant.   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**IT IS STIPULATED AND AGREED** by and between Plaintiff Hudson Private LP

("Plaintiff") and Defendant Creative Wealth Media Finance Corp. ("Defendant"), by and through

their undersigned counsel that:

1. The June 28, 2022, return date for Plaintiff's Motion for Summary Judgment in

Lieu of Complaint (Mot. Seq. No. 1) (the "**Motion**") is hereby adjourned to August 12, 2022;

2. Defendant's answering papers in response to the Motion shall be filed via

NYSCEF on or before June 16, 2022;

3. Plaintiff's reply papers shall be filed via NYSCEF on or before August 11, 2022;

4. Nothing herein constitutes a waiver or forfeiture of any objection to the timeliness

of any Notice of Removal; and

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be signed

in counterparts, and facsimile and .pdf copies of such counterparts may be submitted to the Court

and shall be binding upon the parties as if they were originals.

FILED: NEW YORK COUNTY CLERK 05/23/2022 03:49 PM
FILED: NEW YORK COUNTY CLERK 05/20/2022 05:04 PM
NYSCEF DOC. NO. 10

INDEX NO. 650952/2022
INDEX NO. 650952/2022
RECEIVED NYSCEF: 05/23/2022
RECEIVED NYSCEF: 05/20/2022

Dated: New York, New York
     May 20, 2022

MEISTER SEELIG & FEIN LLP

By: _/s/ Kevin A. Fritz_____

Kevin A. Fritz, Esq.
125 Park Avenue
7th Floor
New York, NY 10017
Tel.: (212) 655-3570
*Attorneys for Plaint*iff

HERRICK, FEINSTEIN LLP

By: _____

William R. Fried, Esq.
Samuel J. Bazian, Esq.
2 Park Avenue
New York, New York 10016
Tel.: (212) 592-1400
*Attorneys for Defendant*

Dated: 5/23/22

SO ORDERED:

_____
Hon. Melissa A. Crane

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HUDSON PRIVATE LP,

                        Plaintiff,

                        v.

CREATIVE WEALTH MEDIA FINANCE CORP.,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Index No. 650952/2022

Motion Seq. # 1

**STIPULATION FOR
BRIEFING SCHEDULE**

      **IT IS STIPULATED AND AGREED** by and between Plaintiff Hudson Private LP ("Plaintiff") and Defendant Creative Wealth Media Finance Corp. ("Defendant"), by and through their undersigned counsel that:

      1.      The August 12, 2022 return date for Plaintiff's Motion for Summary Judgment in Lieu of Complaint (Mot. Seq. No. 1) (the "**Motion**") is unchanged;

      2.      Defendant's answering papers in response to the Motion shall be filed via NYSCEF on or before June 30, 2022;

      3.      Plaintiff's reply papers shall be filed via NYSCEF on or before August 11, 2022;

      4.      Nothing herein constitutes a waiver or forfeiture of any objection to the timeliness of any Notice of Removal; and

      **IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be signed in counterparts, and facsimile and .pdf copies of such counterparts may be submitted to the Court and shall be binding upon the parties as if they were originals.

Dated: New York, New York
      June 14, 2022

MEISTER SEELIG & FEIN LLP

By:   /s/ Kevin A. Fritz
_____

Kevin A. Fritz, Esq.
125 Park Avenue
7th Floor
New York, NY 10017
Tel.: (212) 655-3570
*Attorneys for Plaintiff*

HERRICK, FEINSTEIN LLP

By:   /s/ Samuel J. Bazian
_____

William R. Fried, Esq.
Samuel J. Bazian, Esq.
2 Park Avenue
New York, New York 10016
Tel.: (212) 592-1400
*Attorneys for Defendant*

2