UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HUDSON PRIVATE LP,

                Plaintiff,

v.

CREATIVE WEALTH MEDIA FINANCE CORP.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 22-cv-05520-PAE

**ANSWER TO MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT**

Defendant Creative Wealth Media Finance Corp. ("Defendant"), by and through its undersigned counsel, Herrick, Feinstein LLP, answers the Motion for Summary Judgment in Lieu of Complaint (the "Motion") filed by Plaintiff Hudson Private LP ("Plaintiff") as follows:

Defendant denies each and every allegation, statement, matter, and thing contained in the Motion except hereinafter expressly admitted or alleged. To the extent that any specific allegation in the Motion is not addressed, that allegation is denied.

NOTICE OF MOTION

Defendant states that Plaintiff's Notice of Motion for Summary Judgment in Lieu of Complaint states legal conclusions and contains a description of relief requested as to which no response in required. To the extent a response is required, Defendant denies such allegations and that Plaintiff is entitled to the relief requested therein.

AFFIDAVIT OF CHRISTOPHER CONOVER IN SUPPORT OF MOTION

1. Defendant admits that Christopher Conover is the Chief Executive Officer of Plaintiff and denies knowledge or information sufficient to form a belief as to the truth of the remainder of allegations in Paragraph 1 of the Affidavit of Christopher Conover in support of Plaintiff's Motion ("Conover Affidavit").

2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Conover Affidavit.

3. Defendant states that Paragraph 3 of the Conover Affidavit does not contain allegations directed at Defendant and therefore no response is required. To the extent a response is required, Defendant admits that the Conover Affidavit was submitted in support of Plaintiff's Motion.

4. Defendant admits that attached as Exhibit A to the Conover Affidavit is a Promissory Note, but states that Promissory Note is a document that speaks for itself, and respectfully refers the Court to that document for its fill content, meaning and legal import, if any. To the extent the allegations in Paragraph 4 are inconsistent with the Promissory Note, those allegations are denied. Defendant denies any implication that the Promissory Note referenced therein was the only document executed by the parties in connection with subject transaction.

5. Defendant states that the allegations contained in Paragraph 5 of the Conover Affidavit refers to the Promissory Note, which is a document that speaks for itself, and respectfully refers the Court to that document for its fill content, meaning and legal import, if any. To the extent the allegations in Paragraph 5 are inconsistent with the Promissory Note, those allegations are denied.

6. Defendant states that the allegations contained in Paragraph 6 of the Conover Affidavit refers to the Promissory Note, which is a document that speaks for itself, and respectfully refers the Court to that document for its fill content, meaning and legal import, if any. To the extent the allegations in Paragraph 6 are inconsistent with the Promissory Note, those allegations are denied.

7. Defendant denies the allegations set forth in Paragraph 7 of the Conover Affidavit.

8. Defendant states that the allegations contained in Paragraph 8 of the Conover Affidavit refers to the Promissory Note, which is a document that speaks for itself, and respectfully refers the Court to that document for its fill content, meaning and legal import, if any. To the extent the allegations in Paragraph 8 are inconsistent with the Promissory Note, those allegations are denied.

9. Defendant states that the allegations contained in Paragraph 9 of the Conover Affidavit refers to the Promissory Note, which is a document that speaks for itself, and respectfully refers the Court to that document for its fill content, meaning and legal import, if any. To the extent the allegations in Paragraph 9 are inconsistent with the Promissory Note, those allegations are denied.

10. Defendant states that the allegations contained in Paragraph 10 of the Conover Affidavit refers to the Promissory Note, which is a document that speaks for itself, and respectfully refers the Court to that document for its fill content, meaning and legal import, if any. To the extent the allegations in Paragraph 10 are inconsistent with the Promissory Note, those allegations are denied.

11. Defendant states that the allegations contained in Paragraph 11 of the Conover Affidavit refers to the Promissory Note, which is a document that speaks for itself, and respectfully refers the Court to that document for its fill content, meaning and legal import, if any. To the extent the allegations in Paragraph 11 are inconsistent with the Promissory Note, those allegations are denied.

12. Defendant states that the allegations contained in Paragraph 12 of the Conover Affidavit refers to the Promissory Note, which is a document that speaks for itself, and respectfully refers the Court to that document for its fill content, meaning and legal import, if any. To the

extent the allegations in Paragraph 12 are inconsistent with the Promissory Note, those allegations are denied.

13. Defendant states that the allegations contained in Paragraph 13 of the Conover Affidavit refers to the Promissory Note, which is a document that speaks for itself, and respectfully refers the Court to that document for its fill content, meaning and legal import, if any. To the extent the allegations in Paragraph 13 are inconsistent with the Promissory Note, those allegations are denied.

14. Defendant states that the allegations contained in Paragraph 14 of the Conover Affidavit refers to the Promissory Note, which is a document that speaks for itself, and respectfully refers the Court to that document for its fill content, meaning and legal import, if any. To the extent the allegations in Paragraph 14 are inconsistent with the Promissory Note, those allegations are denied.

15. Defendant denies the allegations set forth in Paragraph 15 of the Conover Affidavit.

16. Defendant denies the allegations set forth in Paragraph 16 of the Conover Affidavit.

17. Defendant states that Paragraph 17 of the Conover Affidavit contains a description of relief requested as to which no response in required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested therein.

## MEMORANDUM OF LAW

Defendant states that Plaintiff's Memorandum of Law in Support of Its Motion for Summary Judgment in Lieu of Complaint states legal conclusions and contains a description of relief requested as to which no response in required. To the extent a response is required, Defendant denies such allegations and that Plaintiff is entitled to the relief requested therein.

## AFFIRMATIVE DEFENSES

Defendant's investigation of the facts alleged in the Motion is ongoing; accordingly, Defendant reserves the right to amend or supplement the responses and allegations contained herein, and to assert any additional defenses that may become known to Defendant in the course of discovery. In asserting the following affirmative defenses, Defendant does not intend to suggest that the matters designated herein as "defenses" are not matters on which Plaintiff bears the burden of proof. These defenses are set forth cumulatively and in the alternative. Notwithstanding the foregoing, Defendant states the following affirmative and other defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the terms of a Term Sheet and/or other agreements between the parties relating to the transaction at issue in the Motion.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are more than set-off by amounts that are due and owing by Plaintiff to Defendant.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the prior pending action doctrine.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by documentary evidence.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail to state a claim for which attorneys' fees and costs may be awarded.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to perform its obligations under the subject agreements between the parties and/or Plaintiff's breach or repudiation of the subject agreements.

### NINTH AFFIRMATIVE DEFENSE

Subject to proof through discovery, Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, fraud, illegality, unclean hands, and/or waiver.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because recovery from Defendant would result in Plaintiff's unjust enrichment.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant fully complied with all requirements, if any, contractual or otherwise.

**WHEREFORE**, Defendant respectfully request that the Court enter judgment as follows:

(a) Dismissing the Motion against Defendant in its entirety with prejudice;

(b) Awarding Defendant its costs and attorneys' fees; and

(c) Awarding Defendant such other and further relief as this Court deems just and proper.

Dated: New York, New York
October 13, 2022

**HERRICK, FEINSTEIN LLP**

By: */s/ William R. Fried*

William R. Fried
Samuel J. Bazian
Two Park Avenue
New York, New York 10016
(212) 592-1400

*Attorneys for Defendant Creative Wealth Media Finance Corp.*