UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
HUDSON PRIVATE LP,                    :
                                      :
                Plaintiff,           : Case No. 22-cv-05520-PAE
                                      :
                v.                   :
                                      :
CREATIVE WEALTH MEDIA FINANCE CORP.,  :
                                      :
                Defendant.           :
                                      :
------------------------------------- x

# DEFENDANT CREATIVE WEALTH MEDIA FINANCE CORP.'S
# MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION

HERRICK, FEINSTEIN LLP
William R. Fried, Esq.
Samuel J. Bazian, Esq.
2 Park Avenue
New York, New York 10016

Defendant Creative Wealth Media Finance Corp. ("Creative Wealth") respectfully submits this memorandum of law in support of its motion, pursuant to Fed. R. Civ. P. 42, to consolidate this action with the prior action filed by Plaintiff Hudson Private LP ("Hudson LP") in the United States District Court for the Southern District of New York, styled *Hudson Private LP v. Bron Studios USA, Inc. et al.*, Case No. 21-cv-08259-CS.

## STATEMENT OF FACTS

### A. Hudson LP Files an Action in Connection with Four Alleged "Film Loans"

On October 6, 2021, Hudson LP filed a complaint against Creative Wealth and several other defendants, styled *Hudson Private LP v. Bron Studios USA, Inc. et al.*, Case No. 21-cv-08259-CS (the "Prior Related Action"). *See* Bazian Decl., Ex. A.[1] Hudson subsequently amended its complaint to add its affiliate, Hudson Private Corp. ("Hudson Corp."), as a plaintiff. *See* Bazian Decl., Ex. C. As alleged in the Amended Complaint ("Am. Compl."), Hudson claims that the "action arises out of Defendants' indebtedness to Hudson, aggregating millions of dollars, in connection with Hudson's financing of film and/or television production," which it terms the "Film Loans." Am. Compl. ¶ 1.

In particular, Hudson LP and Hudson Corp. allege that "[f]rom 2017 to 2020, Hudson invested monies with both Creative Wealth and Bron [Creative USA Corp.][2] via the Film Loans," that $17 million is currently outstanding to Hudson LP, and $5 million is currently outstanding to Hudson Corp. *Id.* ¶¶ 20, 24.

---

[1] "Bazian Decl." refers to the Declaration of Samuel J. Bazian, filed simultaneously herewith.

[2] Plaintiffs allege that Jason Cloth, a defendant in the Prior Related Action, is the "founder and CEO of Creative Wealth, an owner and director of Bron Creative." Am. Compl. ¶ 13.

1

### B. The Alleged Agreements at Issue in the Prior Related Action

The "Film Loans" that Plaintiffs reference include the financing of four films: (1) "Fonzo" (later named "Capone"); (2) "Greyhound"; (3) "Bombshell"; and (4) "Harry Haft." *Id.* ¶ 31, 43, 55, 70.

In connection with the financing of Fonzo, Plaintiffs allege that, on or about April 1, 2018, Hudson LP and Creative Wealth entered into a term sheet (*see* Bazian Decl., Ex. F) and participation agreement (*see* Bazian Decl., Ex. G) pursuant to which Hudson provided $3,000,000 to partially fund Creative Wealth's financing of Fonzo. Am. Compl. ¶ 31. Hudson LP alleges that, pursuant to the Fonzo term sheet, it is entitled to repayment of its principal investment, plus interest, and 25% of the film's Net Profits, and that under the participation agreement, Creative Wealth is obligated to account to it in connection with the film's finances and Hudson LP's share of proceeds. *Id.* ¶¶ 33-34, 37-38.

With respect to the financing of Greyhound, Hudson LP alleges that it entered into a term sheet (*see* Bazian Decl., Ex. D) and participation agreement (*see* Bazian Decl., Ex. E) with Creative Wealth, Bron Creative USA, Corp. BRON Studios USA, Inc. and Cloth on or about April 1, 2018, pursuant to which it advanced $3,000,000 to Creative Wealth. Am. Compl. ¶ 43. Hudson LP alleges that, pursuant to the Greyhound term sheet, it is entitled to $3,360,000 from the film's revenues, a share of film proceeds received by Bron Creative, certain facilitation fees and interest on the advanced funds. *Id.* ¶ 44. Hudson LP further alleges that under the Greyhound participation agreement, Creative Wealth is obligated to account to it in connection with the film's finances and Hudson LP's share of proceeds. *Id.* ¶¶ 47-48.

In connection with the financing of Bombshell (formerly titled "Fair and Balanced"), Hudson LP and Hudson Corp. allege that, in 2019, they each entered into term sheets with Creative

Wealth and Cloth (*see* Bazian Decl., Exs. H, I, J) pursuant to which Hudson LP advanced $3,000,000 and Hudson Corp. advanced $5,000,000 to Creative Wealth. Am. Compl. ¶ 55. Plaintiffs allege that, under the Bombshell term sheets, Plaintiffs were to be repaid their investments, plus interest and a percentage of profits derived from the film. *Id.* ¶¶ 57-59. Plaintiffs further allege that they entered into participation agreements pursuant to which Creative Wealth is obligated to account to Plaintiffs in connection with the film's finances and Plaintiffs' share of proceeds. *Id.* ¶¶ 60-61.

With regard to Harry Haft, Hudson LP alleges that, on or about April 8, 2019, it entered into a term sheet with Creative Wealth (*see* Bazian Decl., Exs. K) pursuant to which it advanced $3,976,250 in exchange for $5,169,125 from the film's gross receipts. *Id.* ¶¶ 70, 72.

### C. *Procedural History of the Prior Related Action*

Hudson LP and Hudson Private Corp. have asserted an array of causes of action against Creative Wealth and the other defendants, including for breach of the term sheets and specific performance of the participation agreements, claims for accountings, conversion and alter ego liability against Cloth. *See generally* Bazian Decl., Ex. C.

On September 30, 2022, defendants filed a joint motion to dismiss the Amended Complaint, though Creative Wealth has not moved to dismiss the claims for breach of the term sheets or specific performance of the participation agreement. Bazian Decl. ¶ 14. Plaintiffs filed their opposition on October 27, 2022, and defendants' reply papers are due on November 15, 2022. *Id.* Discovery has not yet commenced. *Id.*

### D. *Hudson LP Files the Instant Action in Connection with Another Alleged Film Loan*

Notwithstanding the fact that Hudson LP filed an action against Creative Wealth months earlier, on March 1, 2022, Hudson LP initiated this separate action in connection with the financing

3

of another motion picture titled "Shadowplay." *See* Bazian Decl., Ex. L. Hudson LP claims that it loaned $3,000,000 to Creative Wealth for the project and that Creative Wealth has defaulted under the terms of a promissory note (the "Note") that Creative Wealth provided to it. *Id.*

## **ARGUMENT**

Under Rule 42(a) of the Federal Rules of Civil Procedure, a court may consolidate actions which involve common questions of law or fact. Fed. R. Civ. P. 42(a). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 200 L. Ed. 2d 399, 138 S. Ct. 1118, 1131 (2018). "Consolidation is warranted where it promotes judicial economy . . . and serves to eliminate the waste associated with duplicative discovery and multiple trials, and the danger of inconsistent verdicts." *KGK Jewelry LLC v. ESDNetwork*, No. 11CV9236-LTS-RLE, 2014 WL 7333291, at *2 (S.D.N.Y. Dec. 24, 2014) (cleaned up).

This action should be consolidated with the Prior Related Action because both actions arise from related transactions between substantially similar parties and present overlapping issues of fact and law. *Karp v. Kiromic Biopharma, Inc.*, No. 22 CIV. 6690 (VM), 2022 WL 15524551, at *1 (S.D.N.Y. 2022) ("[T]he complaints describe the same or substantially similar underlying events arising out of the same or substantially similar operative facts, and assert the same or substantially similar claims against the same or substantially similar defendants. Accordingly, pursuant to Federal rule of Civil Procedure 42, the above-captioned actions are hereby consolidated for all purposed into one action.").

Indeed, in the Prior Related Action, Hudson LP has sued Creative Wealth for the alleged breach of several term sheets pursuant to which it allegedly loaned funds to Creative Wealth for the financing of motion pictures, and this action, too, involves Hudson LP's claims that Creative

4

Wealth breached the terms of an alleged loan that Hudson LP made to Creative Wealth for the financing of a motion picture.

Although Hudson LP frames the instant action as though it involves a simple default under a promissory note, it does not. While not attached to Hudson LP's initiating papers, the parties' transaction involved the entry into a Loan and Security Agreement, which not only incorporated the terms of the Note, but also of a term sheet (the "Shadowplay Term Sheet") that is substantially similar to the ones at issue in the Prior Related Action. *See* Cloth Exs A-B.[3]

Significantly, the Shadowplay Term Sheet provides that the "Source of Repayment" for Hudson LP's financing would be "the gross receipts generated by the Project, if any…" Cloth Ex. B at 2. Thus, under the Shadowplay Term Sheet, Hudson LP was not entitled to repayment of the alleged loan unless and until the motion picture generated sufficient gross receipts. *Id.* Notably, the Shadowplay Term Sheet also contains a merger clause, which provides that the "Term Sheet contains the entire understanding of the Parties relating to its subject matter and supersedes and replaces all prior agreements and understandings, written or oral." *Id.* at 7.

Thus, while Hudson LP claims that this is a matter ripe for summary judgment, it is not, as Hudson LP does not even *allege* that the Shadowplay project generated sufficient revenue to repay Hudson LP's financing. Bazian Decl., Ex. L. The legal issues in this action are substantially similar and overlapping with the ones that will be addressed in the Prior Related Action.

In fact, the term sheets and participation agreements for the other related transactions between the parties contain similar provisions indicating that Hudson LP's financings would be repaid from proceeds of the respective projects, if any, and that repayment was not guaranteed. *See, e.g.*, Bazian Decl., Ex. D ("In consideration of the Hudson Private $3,000,000.00 financing,

---

[3] "Cloth Decl." refers to the Declaration of Jason Cloth, sworn to on November 1, 2022, filed simultaneously herewith.

Hudson Private is purchasing the right to receive $3,360,000.00 USD from revenues of the Picture."); Ex. H ("Hudson Private LP . . . wishes to invest an additional US$1,000,000 to [Creative Wealth], representing an additional ownership in the Gross Receipts of [Fair and Balanced]"); Ex. I ("[Hudson LP] will be entitled to recoup [its financing and other amounts] . . . from all adjusted gross receipts . . . derived from exploitation of [Bombshell]"); Exs. E, G, I at p. 1 ("[Creative Wealth] has not guaranteed repayment to [Hudson Private] . . . any portion of the Participation at any time."). All of these related issues should be considered together in a single action to avoid the risk of inconsistent determinations and results. *Garnett-Bishop v. New York Cmty. Bancorp, Inc.*, 49 F. Supp. 3d 321, 327 (E.D.N.Y. 2014) (cleaned up) ("[O]ne of main considerations of a court when deciding whether consolidation is appropriate is the risk of inconsistent adjudications of common factual and legal issues.").

To the extent Hudson argues that consolidation is unwarranted because the Prior Related Action contains additional parties and causes of action, the facts that an action has additional parties, as well as "minor differences in facts and legal issues" do not preclude consolidation. *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 435 (S.D.N.Y. 2008) (finding that consolidation was appropriate even though one action involved additional claims against additional defendants and contained "slightly different facts and legal claims").

The parties will need to engage in discovery related to their various agreements and understandings, which can be more efficiently accomplished in a single action rather than in separate actions. *Stevens v. Hanke*, No. 20 CIV. 4765 (JPC), 2022 WL 489054, at *3 (S.D.N.Y. 2022) ("[B]oth [actions] involve substantially the same Defendants, and consolidation would permit Plaintiffs to serve one set of discovery requests and take one deposition for each Defendant instead of expending time and resources on multiple, duplicative discovery requests."); *Schwingle*

*v. United States*, No. 20-CV-6766EAW, 2022 WL 2067755, at *1 (W.D.N.Y. June 8, 2022) ("Considering the likely substantial factual overlap between the cases and the minimal risk of confusion or prejudice, this Court finds that consolidation will conserve the parties' resources, minimize burden to witnesses, and further judicial economy."). No prejudice will result from consolidation, as Hudson LP is represented by the same counsel in both actions and discovery has not commenced in either action.

Moreover, as Creative Wealth asserted in a letter to the Court in the Prior Related Action, Hudson LP's financings—including the ones at issue in this action and the Prior Related Action—were part and parcel of a significantly larger transaction whereby Creative Wealth made loans to Hudson LP aggregating nearly $18 million in exchange for Hudson LP's agreement to participate in the financing of films (the "Library Loans"), which Creative Wealth brokered. Bazian Decl., Ex. B. The commissions paid to Creative Wealth on each film financings were to be applied to the repayment of the Library Loans, but millions of dollars remain outstanding. *Id.* While Creative Wealth has not yet had the opportunity to detail its anticipated counterclaims—indeed, its partial motion to dismiss is pending—Creative Wealth's claims against Hudson LP will operate as a set-off of Hudson LP's claims in both actions. It would therefore be inequitable for this action to proceed on a separate track from (and potentially ahead of) the Prior Related Action.

## **CONCLUSION**

WHEREFORE, for all the foregoing reasons, Creative Wealth respectfully requests that the Court grant the instant motion and consolidate this action with the Prior Related Action.

Dated: New York, New York
November 1, 2022

**HERRICK, FEINSTEIN LLP**

By: */s/ Samuel J. Bazian*

William R. Fried
Samuel J. Bazian
Two Park Avenue
New York, New York 10016
(212) 592-1400

*Attorneys for Defendant Creative Wealth
Media Finance Corp.*