UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                                                                        :

HUDSON PRIVATE LP,                                       : Case No. 7:22-cv-05520

                            Plaintiff,

                                v.

CREATIVE WEALTH MEDIA FINANCE CORP.,

                            Defendant.
------------------------------------------------------------------------x

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
# TO MOTION TO CONSOLIDATE

**MEISTER SEELIG & FEIN LLP**
125 Park Avenue, 7th Floor
New York, New York 10017
Tel: (212) 655-3500
*Attorneys for Plaintiff*

Plaintiff Hudson Private LP ("Plaintiff") respectfully submits this memorandum of law in opposition to defendant Creative Wealth Media Finance Corp.'s ("Defendant") motion to consolidate (the "Consolidation Motion") this summary proceeding with the plenary action pending in the United States District Court for the Southern District of New York, styled *Hudson Private LP v. Bron Studios USA, Inc. et al.*, No. 21-cv-08259-CS (the "Unrelated Plenary Action").[1]

**PRELIMINARY STATEMENT**

Defendant defaulted under a written Promissory Note, in the principal amount of $3,000,000 (the "Note"), executed in connection with a loan made by Plaintiff to finance the series entitled *Shadowplay* (the "Shadowplay Loan"). (Bazian Decl., Ex. L). Without a viable defense to Plaintiff's claim, Defendant is delaying entry of the inevitable judgment for as long as possible. After the return date of Plaintiff's motion for summary judgment in lieu of complaint was adjourned (on consent) for several months, Defendant removed the proceeding to this Court. (Dkt. 1). Now, Defendant seeks to consolidate this straightforward proceeding with the Unrelated Plenary Action, which involves several *other* parties, arises out of *other* loans, made in connection with *other* films (Bazian Decl., Ex. C), and in which no discovery has been conducted in the year since the action was commenced. (Bazian Decl. ¶ 14). Consolidating this proceeding, which is ripe for summary judgment, with the Unrelated Plenary Action will significantly delay adjudication of Defendant's default, likely for years.

Consolidation should be denied because Judge Cathy Seibel, who presides over the Unrelated Plenary Action, *already declined to accept this case* as a purported "related" case, and

---

[1] Capitalized terms not defined herein have the same meaning ascribed to them in the accompanying Declaration of Kevin Fritz.

1

this Court should honor such determination. Additionally, given that this case pertains to a single promissory note executed by Defendant in connection with a specific project (*Shadowplay*), and given that the Unrelated Plenary Action involves various term sheets and participation agreements for other projects, there are no overlapping issues of fact or law warranting consolidation.

**ARGUMENT**

I. JUDGE SEIBEL ALREADY DETERMINED THE CASES ARE NOT RELATED

According to this Court's Rules for the Division of Business Among District Judges (the "Division of Business Rules"),[2] a civil case "will be deemed related to one or more civil cases … when the interests of justice and efficiency will be served." (Div. of Bus. R. 13(a)(1)). In determining relatedness, a judge will consider whether:

(A) the actions concern the same or substantially similar parties, property, transactions, or events;

(B) there is substantial factual overlap;

(C) the parties could be subjected to conflicting orders; and

(D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the court, parties, or witnesses.

(*Id.*). Notably, the Division of Business Rules expressly provide that civil cases "shall not be deemed related merely because they involve common legal issues or *the same parties*." (Div. of Bus. R. 13(a)(2)(A)) (emphasis added).

On June 28, 2022, Defendant removed the State Court Proceeding to this Court by filing a Notice of Removal. (Dkt. 1). Defendant filed a Civil Cover Sheet contending that this case is

---

[2] 2021-11-17 SDNY Rules for the Division of Business.pdf (uscourts.gov)

"related" to the Unrelated Plenary Action, as contemplated by Rule 13 of the Division of Business Rules. (Dkt. 2). Defendant also filed a Statement of Relatedness in which Defendant detailed its basis for contending that the two cases are related. (Dkt. 3).

On June 29, 2022, this case was referred to Judge Seibel "as possibly related to" the Unrelated Plenary Action. (Fritz Decl. ¶ 9). Pursuant to Division of Business Rule 13(b)(2), upon a judge's receipt of an allegedly related case, the judge "shall notify the Assignment Committee of his or her decision to accept or reject the case…." (Div. of Bus. R. 13(b)(2)). According to the docket, on July 5, 2022, Judge Seibel "declined" this case "as not related" and the case was subsequently reassigned to Judge Paul A. Engelmayer. (Fritz Decl. ¶ 11).

Given that the standard for relatedness under Division of Business Rule 13(a)(1) is virtually the same as that for consolidation under FRCP 42, this Court should treat Judge Seibel's determination of unrelatedness as controlling or "law of the case" and deny the Consolidation Motion. *See Compass, Inc. v. Real Estate Bd. of NY, Inc.*, No. 21-cv-2195, 2022 WL 2967655, at *1 (S.D.N.Y. July 27, 2022) ("where a newly assigned judge is being asked to reconsider the ruling of another judge, the court must be especially wary of attempts to relitigate the same issues before a new audience"); *Miller v. Steloff*, 686 F.Supp. 91, 94 (S.D.N.Y. 1988) (Judge Duffy's determination to decline to accept an action as related to an earlier action was "viewed as controlling" by Judge Sweet).

## II. THE FACTS AND CLAIMS ARE NOT SUBSTANTIALLY SIMILAR

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay. (Fed. R. Civ. P. 42(a)). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, ––– U.S. –––, 138 S. Ct. 1118, 1131, 200 L.Ed.2d 399 (2018); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990) (same).

"However, the discretion to consolidate is not unfettered. Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial." *Malcolm v. National Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (quoting *Johnson*, 899 F.2d at 1284-85); *see also Flintkote Co. v. Allis-Chalmers Corp.*, 73 F.R.D. 463, 464 (S.D.N.Y. 1977) ("consolidation should not be ordered if it would prejudice defendant"). "A party moving for consolidation must bear the burden of showing the commonality of factual and legal issues in different actions, and a district court must examine the special underlying facts with close attention before ordering a consolidation." *In re Repetitive Stress Injury Litigation*, 11 F.3d 368, 373 (2d Cir. 1993) (internal quotation marks and citations omitted).

Here, Defendant argues that "both actions arise from related transactions" (Def.'s Mem. at 4) but fails to explain how the Note, executed in connection with financing for a particular project – the series *Shadowplay* – relates to various term sheets and participation agreements for *other* films – *Fonzo*, *Greyhound*, *Bombshell*, and *Harry Haft* – at issue in the Unrelated Plenary Action. (Bazian Decl., Ex. C).

Defendant's argument that both actions "present overlapping issues of fact and law" is incorrect. (Def.'s Mem. at 4). The only legal issue in this case is whether Plaintiff is entitled to summary judgment against Defendant based upon the latter's default under the Note. That issue is not present in the Unrelated Plenary Action, which *does not involve any promissory notes*, let alone one signed by Defendant in Plaintiff's favor and pertaining to *Shadowplay*. The legal issues in the Unrelated Plenary Action involve the interpretation of numerous term sheets and participation agreements, for other films, that were submitted with the Consolidation Motion. (Bazian Decl., Ex. D – K). There are no factual issues herein, as it is undisputed that Defendant executed the Note and failed to repay the loan proceeds or interest thereon.

Furthermore, although Defendant provides a preview of its defense to summary judgment – that a term sheet signed in connection with the Shadowplay Loan states that "[t]he Loan … shall be recouped from gross receipts generated by the Project" (Def.'s Mem. at 5) (quoting Cloth Decl., Ex. B, p. 2) – the defense is meritless. The Note states that principal and interest are payable "without … conditions of any nature", that the Note "may be prepaid … at any time" and that upon an Event of Default, the unpaid principal balance and interest accrued "shall immediately become due and payable…." (Fritz Decl., Ex. A, §§ 2.2, 3, 4.5). Moreover, the term sheet does not limit repayment of the Shadowplay Loan solely to proceeds of *Shadowplay*, but rather identifies that source as a fund of out which payment could be made. *See* N.Y. U.C.C. § 3-105(1)(f) ("A promise … otherwise unconditional is not made conditional by the fact that the instrument … indicates a particular account to be debited or any other fund or source from which reimbursement is expected…."); *National Oil Well Maint. Co. v. Fortune Oil & Gas, Inc.*, No. 02-cv-7666, 2004 WL 1886293, at *6 (S.D.N.Y. Aug. 24, 2004) (promissory notes, while specifying, in loan agreement, a particular fund, remain unqualified orders to pay).

Defendant contends that the parties "will need to engage in discovery related to their various agreements and understandings" (Def.'s Mem. at 6), but neglects to explain: (a) what discovery is needed to resolve Plaintiff's claim to enforce the Note; or (b) why that discovery, if any, overlaps with the discovery that will be exchanged in litigation pertaining to other agreements for the financing of other films.

Defendant also incorrectly alleges that the Note was "part and parcel of a significantly larger transaction…." (Def.'s Mem. at 7). First, the Note states that it "represents the entire agreement between the parties hereto with respect to this Note, the debt evidence[d] by this Note, and its terms and conditions." (Fritz Decl., Ex. A, § 5.13). Second, the Note expressly provides that it is payable "without set-off or counterclaim…." (*Id.* § 2.2). Third, Defendant admitted, in a writing signed by its Managing Partner Jason Cloth, that it owes $3 million in principal, plus accrued interest, to Plaintiff. (Fritz Decl., Ex. B).

Lastly, a consolidation will unduly prejudice Plaintiff. As things stand, Plaintiff has a pending motion for summary judgment (by virtue of its motion for summary judgment in lieu of complaint being removed by Defendant to this Court). If Plaintiff's claim is consolidated into the Unrelated Plenary Action, and if Plaintiff is not awarded summary judgment (as it should be), the scope of the trial on a simple Note default will be improperly expanded to include many other agreements, including agreements with other parties, for many other films, involving different witnesses. *See Curry v. American Standard*, Nos. 08-10228, 07-cv-4771, 2010 WL 6501559, at *2 (S.D.N.Y. Dec. 13, 2010) (denying consolidation where it "would likely increase the scope of trial for the many Defendants litigating in one case but not the other" and "will likely complicate the trial").

**CONCLUSION**

For the reasons set forth herein, Plaintiff respectfully requests that the Court deny the Consolidation Motion.

Dated: New York, NY
November 3, 2022

Respectfully submitted,
MEISTER SEELIG & FEIN LLP

 /s/ Kevin Fritz
By:    Mitchell Schuster
        Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
Email: kaf@msf-law.com