Creative Wealth Media Finance Corp.
AMENDED AND RESTATED
PROMISSORY NOTE

July 6, 2020                                                                                    $1,500,000
July 16, 2020                                                                                   $1,500,000

      FOR VALUE RECEIVED, Creative Wealth Media Finance Corp, an Ontario corporation with offices at 151 Bloor St. West, Suite 700, Toronto, Ontario M5S 1S4 (the "Borrower"), promises to pay to Hudson Private LP, with offices at 15 East Central Avenue, Pearl River, New York 10965, or its permitted assignees, transferees and successors as provided herein (the "Holder"), or as the Holder may direct, at the address of the Holder provided on the signature page hereto or at such other location as the Holder may designate, $3,000,000 or such lesser principal amount as shall be outstanding hereunder (the "Principal Note Amount"), plus any interest thereon from the date of this Promissory Note ("Note") at an interest rate equal to 10.0% per annum, compounded annually on the outstanding principal amount of this Note (the "Interest Rate").

      1.      Note.  This Note is issued by the Borrower on the date first set forth above to fund production costs for the series entitled "Shadowplay" (Episodes 101-108) (the "Project").

      2.      Principal and Interest Payments.

          2.1     The entire Principal Note Amount together with accrued and unpaid interest thereon will be due and payable on the date which is the earlier of (i) twelve (12) months from the "delivery" of the final episode or (ii) December 31, 2021 ("Maturity Date") unless this Note has been previously repaid in accordance with Section 3. If Holder has not received the Principal Note Amount plus Interest by the Maturity Date, Holder shall be entitled to additional interest of 1.5% per month ("Additional Interest") commencing on the first business day of the next month, on the entire outstanding balance, until such time as all amounts due are fully repaid. The Additional Interest shall not be compounded.

          2.2     The Principal Note Amount and interest on this Note will be payable in the lawful currency of the United States of America by wire transfer of immediately available funds to the account set forth on Appendix A and without set-off or counterclaim, free and clear of and without deduction for any present or future taxes, restrictions or conditions of any nature.

          2.3     Whenever any payment on this Note is stated to be due on a day which is not a business day, the payment will be made on the next succeeding business day and the extension of time will be included in the computation of the payment of interest of this Note.

      3.      Prepayment.  This Note may be prepaid by the Borrower at any time, in whole or in part.

      4.      Default; Acceleration. The occurrence of any one or more of the following events with respect to the Borrower constitutes an event of default hereunder ("Event of Default"):

          4.1     The Borrower fails to pay the Principal Note Amount or the accrued interest thereon when due;

      4.2      The Borrower breaches any covenant, representation or warranty in this Note and the Borrower fails to cure such breach within ten days after receipt of written notice thereof from the Holder;

      4.3      The Borrower (a) voluntarily becomes subject to any proceeding under the U.S. Bankruptcy Code or any similar remedy under state statutory or common law, or (b) admits in writing its inability to pay debts generally as they become due;

      4.4      Within 60 days after the commencement of proceedings against the Borrower seeking any bankruptcy, insolvency, liquidation, dissolution or similar relief under any present or future statute, law or regulation (a) such action has not been dismissed or all orders or proceedings thereunder affecting the operations or the business of the Borrower has not been stayed, or (b) the stay of any such order or proceedings has been set aside, or, within 60 days after the appointment without the consent or acquiescence of the Borrower of any trustee, receiver or liquidator of the Borrower or of all or any substantial part of the properties of the Borrower, the appointment has not been vacated; and

      4.5      A final judgment is rendered against the Borrower that, together with other outstanding final judgments against the Borrower, exceeds an aggregate of $250,000 and within 60 days after its entry the judgment has not been discharged or its execution stayed pending appeal and within 60 days after the expiration of any stay the judgment has not been discharged.

Upon the occurrence of an Event of Default under this Note, (a) except in the case of an Event of Default under Section 4.1, the Borrower shall give the Holder prompt notice of the occurrence of such Event of Default and (b) the Holder may, at its option, (i) declare the entire unpaid principal balance of this Note, together with all accrued interest thereon, immediately due and payable regardless of any prior forbearance upon written notice to the Borrower and/or (ii) exercise any and all rights and remedies available to them under law or this Note; _provided_, _however_, in the case of an Event of Default under Section 4.3 or Section 4.4 of this Note, without any notice to the Borrower or any other act by the Holder, the unpaid principal balance and interest accrued on this Note shall immediately become due and payable without presentment, demand, protest or further notice of any kind, all of which are hereby expressly waived by the Borrower. The Holder may exercise any and all rights and remedies available to the Holder under applicable law, including, without limitation, the right to collect from the Borrower all amounts due under this Note.

     5.      <u>Miscellaneous</u>.

      5.1      <u>Waiver by the Borrower</u>. The Borrower waives diligence, presentment, protest, demand and notice of protest, demand, dishonor and nonpayment of this Note except to the extent expressly required by this Note, and expressly agrees that this Note, and any payment under it, may be extended by the Holder from time to time without in any way affecting the liability of the Borrower.

      5.2      <u>Waiver by the Holder and Amendment</u>. Any term of this Note may be amended or waived only the written consent of the Borrower and the Holder. Any amendment or waiver effected in accordance with this Section 5.2 shall be binding upon the Borrower, the Holder and each transferee of this Note.

5.3     Restrictions on Assignment. The Borrower will not assign this Note or any of its rights, duties or obligations under this Note without first obtaining the written consent of the Holder.

5.4     Successors; Permitted Assign. All rights and obligations of the Borrower and the Holder shall be binding upon and benefit the affiliates, members, managers, successors, assigns, heirs and administrators of the parties. For the purposes of this Section 5.4, Holder means any person who is at the time the registered holder of this Note.

5.5     Costs of Collection. The Borrower agrees to reimburse the Holder for all reasonable attorneys' fees and expenses incurred by the Holder in connection with the collection and enforcement of this Note.

5.6     Rights and Remedies Cumulative. The rights and remedies of the Holder under this Note and as may otherwise be available at law or in equity are cumulative and concurrent and at the sole discretion of the Holder may be pursued singly, successively or together and exercised as often as the Holder desires.

5.7     Governing Law; Consent to Jurisdiction. This Note will be governed and construed in accordance with the laws of the State of New York. The parties (a) hereby irrevocably and unconditionally submit to the jurisdiction of the state courts of New York and to the jurisdiction of the United States District Court for the Southern District of New York, in each case sitting in the Borough of Manhattan, for the purpose of any suit, action or other proceeding arising out of or based upon this Agreement, (b) agree not to commence any suit, action or other proceeding arising out of or based upon this Agreement except in the state courts of New York or the United States District Court for the Southern District of New York, in each case sitting in the Borough of Manhattan, and (c) hereby waive, and agree not to assert, by way of motion, as a defense, or otherwise, in any such suit, action or proceeding, any claim that it is not subject personally to the jurisdiction of the above-named courts, that its property is exempt or immune from attachment or execution, that the suit, action or proceeding is brought in an inconvenient forum, that the venue of the suit, action or proceeding is improper or that this Agreement or the subject matter hereof may not be enforced in or by such court.

5.8     TRIAL BY JURY. THE BORROWER HEREBY WAIVES AND AGREES THAT THE BORROWER WILL NOT ASSERT IN ANY CAPACITY ANY RIGHT TO TRIAL BY JURY IN ANY FORUM WITH RESPECT TO ANY ISSUE, CLAIM, DEMAND OR ACTION ARISING OUT OF OR BASED UPON THIS NOTE, WHETHER FOUNDED IN CONTRACT, TORT OR OTHERWISE.

5.9     Notices. Any notice required or permitted hereunder shall be given in writing and shall be conclusively deemed effectively given upon personal delivery or delivery by courier, or five days after deposit in the United States mail, by registered or certified mail, postage prepaid, addressed (a) if to the Borrower, as set forth herein, and (b) if to the Holder, at the Holder's address as set forth herein, or at such other address as the Borrower or the Holder may designate by at least ten days' advance written notice to the other party hereto.

       5.10    <u>Lost or Stolen Note</u>. Upon receipt of evidence reasonably satisfactory to the Borrower of the loss, theft, destruction or mutilation of this Note and, in the case of loss, theft or destruction, upon receipt of an indemnity reasonably satisfactory to the Borrower, or in the case of mutilation, upon surrender and cancellation of this Note, the Borrower, at its expense, will make and deliver a new Note, of like tenor, in lieu of the lost, stolen, destroyed or mutilated Note.

       5.11    <u>Severability</u>. If one or more provisions of this Note are held unenforceable under applicable law, the unenforceable provision will be excluded from this Note and the balance of this Note will be interpreted as if such provision were so excluded and will be enforceable in accordance with its terms. The parties to this Note agree to replace any void or unenforceable provision of this Note with a valid and enforceable provision that will achieve, to the extent possible, the economic, business and other purposes of the void or unenforceable provision.

       5.12    <u>Headings; References</u>. All headings used herein are used for convenience only and will not be used to construe or interpret this Note. Except where otherwise indicated, all references herein to Sections refer to Sections of this Note.

       5.13    <u>Entire Agreement</u>. This instrument represents the entire agreement between the parties hereto with respect to this Note, the debt evidence by this Note, and its terms and conditions.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, the Borrower has executed this Note by it duly authorized officer as of the date and year first written above.

CREATIVE WEALTH MEDIA FINANCE CORP.

By: _____
Jason Cloth, Authorized Signing Officer

Address:  151 Bloor St West, Suite 700, Toronto, Ontario M5S 1S4

[PROMISSORY NOTE]

## Appendix A

### Wiring Instructions

Hudson Private LP
15 East Central Avenue
Pearl River, NY 10965
(845) 920-1600

Wire Information:

Beneficiary Bank Name: BankUnited
Miami Lakes, Florida (USA)
Receiving Bank SWIFT: BUFB US 3M
ABA / Routing Number: 2670-9059-4
Beneficiary Acct. #: ████5520
Beneficiary Name: Hudson Private LP