UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
: 
HUDSON PRIVATE LP, : Civ. Action No. 7:22-cv-05520
: 
　　　　　　　　　　　　Plaintiff, : **PLAINTIFF'S**
: **LOCAL CIVIL**
　　　　　　v. : **RULE 56.1 STATEMENT**
: 
CREATIVE WEALTH MEDIA FINANCE CORP., :
: 
　　　　　　　　　　　　Defendant. :
: 
------------------------------------------------------------------------x

　　　　Pursuant to Local Civil Rule 56.1, plaintiff Hudson Private Corp. ("Plaintiff") respectfully submits this Statement of Material Facts as to which it contends there is no genuine issue to be tried.

　　　　1.　　On July 16, 2020, defendant Creative Wealth Media Finance Corp. ("Defendant") executed a Promissory Note (the "Note"), in the principal amount of $3,000,000 (the "Principal Note Amount"), in connection with a loan (the "Shadowplay Loan") made by Plaintiff to finance the series (Episodes 101 – 108) entitled *Shadowplay* (the "Project"). (Conover Decl., Ex. A).

　　　　2.　　Defendant duly delivered the Note to Plaintiff. (Conover Decl. ¶ 3).

　　　　3.　　In the Note, Defendant promised to pay the Principal Note Amount plus accrued interest thereon on the date which is the earlier of: (a) twelve months from the "delivery" of the final episode of the Project; or (b) December 31, 2021 (the "Maturity Date"). (Conover Decl., Ex. A).

　　　　4.　　The final episode of the Project aired before December 31, 2021, which means it was "delivered" prior to such date. (Conover Decl. ¶ 5).

　　　　5.　　In all events, the Maturity Date is no later than December 31, 2021. (*Id.* ¶ 6).

6. Under the Note, the Principal Note Amount accrued interest from July 16, 2020 at the rate of 10% per annum, compounded annually thereon. (Conover Decl., Ex. A, p. 1).

7. In Section 2.2, the Note provides that it is payable "without set-off or counterclaim, free and clear of and without deduction for any present or future taxes, restrictions or conditions of any nature." (Conover Decl., Ex. A, § 2.2).

8. In Section 5.13, the Note states that it "represents the entire agreement between the parties hereto with respect to this Note, the debt evidence[d] by this Note, and its terms and conditions." (*Id.* § 5.13).

9. In a signed response to a letter from Plaintiff's auditors, Defendant's Managing Partner Jason Cloth acknowledged that, as of December 31, 2020, Defendant owed Plaintiff the principal amount of $3,000,000, plus accrued interest, under the Shadowplay Loan. (Conover Decl., Ex. B).

10. In its signed response, Defendant also acknowledged that the Maturity Date of the Shadowplay Loan is December 31, 2021. (*Id.*).

11. Pursuant to Section 4.1 of the Note, an "Event of Default" includes Defendant's failure to pay the Principal Note Amount or accrued interest thereon by the Maturity Date. (Conover Decl., Ex. A, § 4.1).

12. Defendant failed to pay the Principal Note Amount plus accrued interest thereon, or any portion thereof, to Plaintiff on or before the Maturity Date (or any time thereafter). (Conover Decl., ¶ 13).

13. Thus, the Note is currently in default. (*Id.* ¶ 14).

14. Under Section 2.1 of the Note, if the Principal Note Amount plus accrued interest thereon is not paid by the Maturity Date, Plaintiff is entitled to additional interest of 1.5% per

month commencing on the first business day of the next month, on the entire outstanding balance, until such time as all amounts are fully repaid. (Conover Decl., Ex. A, § 2.1).

15. Plaintiff is entitled to pre-judgment and post-judgment interest: (a) on the Principal Note Amount, at the rate of 10% per annum (compounded annually) from July 16, 2020 through December 31, 2021, which amounts to $3,447,989.35; and (b) on the entire outstanding balance, at the rate of 1.5% per month from January 3, 2022, which amounts to $4,016,907.59 through December 1, 2022. (Conover Decl. ¶ 16).

16. In Section 5.5 of the Note, Defendant agreed to reimburse Plaintiff for all reasonable attorneys' fees and expenses incurred by Plaintiff in connection with the collection and enforcement of the Note. (*Id.* § 5.5).

<table>
<tr><td>Dated: New York, NY<br>December 1, 2022</td><td>Respectfully submitted,<br>MEISTER SEELIG &amp; FEIN LLP<br><br> /s/ Kevin Fritz<br>By:   Mitchell Schuster<br>       Kevin Fritz<br>125 Park Avenue, 7th Floor<br>New York, NY 10017<br>Tel: (212) 655-3500<br>Email: ms@msf-law.com<br>Email: kaf@msf-law.com</td></tr>
</table>