UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                                                                   :

HUDSON PRIVATE LP,                                : Civ. Action No. 7:22-cv-05520

                              Plaintiff,             : **MEMORANDUM OF**
                                                                           : **LAW IN SUPPORT OF**
                            v.                              : **PLAINTIFF'S MOTION**
                                                                           : **FOR SUMMARY**
CREATIVE WEALTH MEDIA FINANCE CORP.,   : **JUDGMENT**
                                                                           :
                              Defendant.            :
                                                                            :
------------------------------------------------------------------------x

       Plaintiff Hudson Private Corp. ("Plaintiff") respectfully submits this memorandum of law in support of its motion, for an Order: (1) pursuant to Federal Rule of Civil Procedure 56, granting Plaintiff summary judgment against defendant Creative Wealth Media Finance Corp. ("Defendant") based upon Defendant's default under a Promissory Note dated July 16, 2020 (the "Note"); said summary judgment to be in the principal amount of $3,000,000.00, plus contractual interest at the rate of 10% per annum (compounded annually) from July 16, 2020 through December 31, 2021, plus additional interest at the rate of 1.5% per month from January 3, 2022 through the date of collection, plus Plaintiff's reasonable attorneys' fees and expenses incurred in connection with the collection and enforcement of the Note; and (2) granting Plaintiff such other and further relief as the Court deems just and proper.[1]

## STANDARD OF REVIEW

       Rule 56 of the Federal Rules of Civil Procedure provides for the grant of summary judgment where "there is no genuine dispute as to any material fact and that the movant is entitled to judgment

---

[1] All capitalized terms not defined herein have the same meaning ascribed to them in the Declaration of Christopher Conover.

1

as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of showing that no genuine issues exist as to any material facts. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). If the moving party meets its burden, the non-moving party cannot just rest on allegations of its pleadings. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The nonmoving party also cannot rely on "mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 12 (2d Cir.1986) (quoting *Quarles v. General Motors Corp.,* 758 F.2d 839, 840 (2d Cir.1985). Further, any evidence put forth in connection with summary judgment must be "admissible in evidence." Fed. R. Civ. P. 56 (c)(2); *see also Raskin v. Watt Company,* 125 F.3d 55, 66 (2d Cir. 1997).

**ARGUMENT**

**I.     PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON ITS CLAIM**

The Note contains a choice-of-law provision stating that it "will be governed and construed in accordance with the laws of the State of New York." (Conover Decl., Ex. A, § 5.7). "To succeed on a motion for summary judgment, a plaintiff suing on a promissory note needs to merely establish the absence of a genuine issue as to the execution and default unless the obligor demonstrates the existence of a triable issue of fact." *Valley Nat'l Bank v. Oxygen Unlimited, LLC*, No. 10-cv-5815 (GBD), 2010 WL 5422508, at *3 (S.D.N.Y. Dec. 23, 2010) (internal quotation omitted); *see also DD Partners, LLC v. Celenza*, 6 A.D.3d 347, 348 (1st Dep't 2004); *Seaman-Andwall Corp. v. Wright Machine Corp.*, 31 A.D.2d 136, 137 (1st Dep't 1968), *aff'd*, 29 N.Y.2d 617, (1971).

2

Here, the record shows that: (a) Defendant executed the Note; and (b) Defendant failed to pay the Principal Note Amount plus accrued interest thereon, or any portion thereof, to Plaintiff on or before the Maturity Date (or any time thereafter). (Conover Decl., ¶¶ 2, 13). Hence, Plaintiff has met its prima facie burden. *See Mail America Comms., Inc. v. World Healing Ctr. Church, Inc.*, No. 18-cv-8481 (AKH), 2021 WL 1298925, at *2 (S.D.N.Y. Apr. 7, 2021) (finding plaintiff met prima facie burden where record showed defendant executed promissory note and failed to make payments thereunder).

Moreover, in a signed response to a letter from Plaintiff's auditors, Defendant's Managing Partner Jason Cloth "confirmed" that, as of December 31, 2020, Defendant owed Plaintiff the principal amount of $3,000,000, plus accrued interest, under the Shadowplay Loan. (Conover Decl., Ex. B). Defendant is bound by its confirmation, in its response to the audit letter, that the Shadowplay Loan is, in fact, a loan and that Defendant the debt is due to Plaintiff. *See In re Interstate Cigar Co., Inc.*, 171 B.R. 6, 9 – 10 (E.D.N.Y. Bankr. 1994) (awarding plaintiff summary judgment where defendants' response to audit letter acknowledged "loan receivable" and, based thereon, rejecting defense that loans were not loans).

In its Third Affirmative Defense, Defendant alleges that "Plaintiff's claims are barred by the terms of a Term Sheet and/or other agreements between the parties relating to the transaction at issue…." (Dkt. 29, p. 5). However, the Note states that it "represents the entire agreement between the parties hereto with respect to this Note, the debt evidence[d] by this Note, and its terms and conditions." (Conover Decl., Ex. A, § 5.13). The Note also provides that "[a]ny term of this Note may be amended or waived only [on] the written consent of" Plaintiff and Defendant. (*Id.*, § 5.2). *See Citizens Banking Co. v. McKittrick*, 1991 WL 79153, at *2 (S.D.N.Y. May 6, 1991) (finding guaranty is "a fully integrated contract which clearly sets forth [defendant's]

unconditional payment obligation" because it "contains a waiver of notice provision and a merger clause that confirms that the agreement may not be changed or terminated orally"). The parole evidence rule precludes Defendant from introducing extrinsic evidence to contradict/or vary the terms of the unambiguous, clear, and integrated Note. *See Thomson McKinnon Secur., Inc. v. Harris*, 139 B.R. 267 (S.D.N.Y. 1992).

Defendant further alleges, in its Fourth Affirmative Defense, that "Plaintiff's claims are more than set-off by amounts that are due and owing by Plaintiff to Defendant." (Dkt. 29, p. 5). However, the Note provides that it is payable "*without set-off* or counterclaim, *free and clear of and without deduction for any* present or future taxes, restrictions or *conditions of any nature*." (Conover Decl., Ex. A, § 2.2) (emphasis added). "Offset claims do not bar summary judgment on promissory notes or other payment obligations, unless such obligations and the offset claims involve contractually 'dependent' promises." *Pereira v. Cogan*, 267 B.R. 500, 507 (S.D.N.Y. 2001) (rejecting defendant's offset claims concerning other agreements because they "are unrelated to his indebtedness under the notes"). Here, the Note contains a merger clause. Therefore, Defendant cannot establish that its purported offsets claim under other agreements are contractually dependent on the Note.

## II.  PLAINTIFF IS ENTITLED TO INTEREST AND ATTORNEYS' FEES

Under the Note, Plaintiff is entitled to interest on the Principal Note Amount "from the [July 16, 2020] date of this Promissory Note … at an interest rate equal to 10.0% per annum, compounded annually on the outstanding principal amount of this Note…." (Conover Decl., Ex. A, p. 1).

Section 2.1 states:

> If Holder has not received the Principal Note Amount plus Interest by the Maturity Date, Holder shall be entitled to *additional* interest of 1.5% per month ("Additional Interest") commencing on the first business day of the next month, on the entire outstanding balance, *until such time as all amounts due are fully repaid*. The Additional Interest shall not be compounded.

(*Id.* § 2.1) (emphasis added). The Court may take judicial notice that the first business day of the month following the (December 31, 2021) Maturity Date was January 3, 2022. *See Nassry v. St. Luke's Roosevelt Hosp.*, No. 13-cv-4719, 2016 WL 1274576, at *13 n.8 (S.D.N.Y. Mar. 31, 2016).

Accordingly, Plaintiff is entitled to pre-judgment and post-judgment interest: (a) on the Principal Note Amount, at the rate of 10% per annum (compounded annually) from July 16, 2020 through December 31, 2021, which amounts to $3,447,989.35; and (b) on the entire outstanding balance, at the rate of 1.5% per month from January 3, 2022, which amounts to $4,016,907.59 through December 1, 2022. (Conover Decl. ¶ 16). *See Banque Nationale de Paris v. 1567 Broadway Ownership Assoc.*, 248 A.D.2d 154, 155 (1st Dep't 1998) (contracted-for interest rate will apply post-judgment if contract reflects a clear intent to do so).

Section 5.5 of the Note states: "The Borrower agrees to reimburse the Holder for all reasonable attorneys' fees and expenses incurred by the Holder in connection with the collection and enforcement of this Note." (Conover Decl., Ex. A, § 5.5). Plaintiff has incurred $23,189.62 in reasonable attorneys' fees and expenses in connection with the enforcement of the Note. (Fritz Decl., Ex. A).

## **CONCLUSION**

For the reasons set forth herein, Plaintiff's motion should be granted in its entirety.

| | | |
|---|---|---|
| Dated: | New York, NY<br>December 1, 2022 | Respectfully submitted,<br>MEISTER SEELIG & FEIN LLP |

 /s/ Kevin Fritz
By:    Mitchell Schuster
        Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
Email: kaf@msf-law.com