UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                    :
HUDSON PRIVATE LP,                                  : Civ. Action No. 7:22-cv-05520
                                                    :
                            Plaintiff,              : **REPLY MEMORANDUM**
                                                    : **OF LAW IN FURTHER**
            v.                                      : **SUPPORT OF PLAINTIFF'S**
                                                    : **MOTION FOR**
CREATIVE WEALTH MEDIA FINANCE CORP.,                : **SUMMARY JUDGMENT**
                                                    :
                            Defendant.              :
                                                    :
------------------------------------------------------------------------x

Plaintiff respectfully submits this memorandum of law in response to Defendant's opposition to Plaintiff's motion for summary judgment.[1]

## ARGUMENT

### I. THE NOTE IS UNCONDITIONAL

Defendant argues that the Note is conditional because *another document*, the Term Sheet, states that the Shadowplay Loan "shall … be recouped from gross receipts generated by the Project, if any…." (Def.'s Br. at 5) (citing Cloth Decl., Ex. B, p. 2). This argument should be rejected for two reasons.

First, the Note provides that it is payable "*without ... conditions of any nature.*" (Conover Decl., Ex. A, § 2.2) (emphasis added). Defendant's opposition papers fail to address this unambiguous language in the Note because it is dispositive.

Second, Defendant's position is barred by New York's Uniform Commercial Code. Section 3-105(1)(f) of the U.C.C. provides: "A promise or order otherwise unconditional is not

---

[1] All capitalized terms not defined herein have the same meaning ascribed to them in the Declaration of Christopher Conover.

1

made conditional by the fact that the instrument … indicates a particular account to be debited or any other fund or source from which reimbursement is expected….” (N.Y. U.C.C. § 3-105(1)(f)).

The Appellate Division, First Department has held that where an obligation under a promissory note is certain, "it is clear that any reference in the note to a particular fund is not intended to make payment dependent upon adequacy of the fund." *DH Cattle Hold. Co. v. Smith*, 195 A.D.2d 202, 211 (1st Dep't 1994); *see also National Oil Well Maint. Co. v. Fortune Oil & Gas, Inc.*, No. 02-cv-7666, 2004 WL 1886293, at *6 (S.D.N.Y. Aug. 24, 2004) (concluding that promissory notes, while specifying (via loan agreement) a particular source of repayment of funds, remained unconditional).

Here, the Note (which is the "instrument" at issue) does *not* indicate a particular fund or source from which reimbursement of the Shadowplay Loan is expected. Even if the Court considers the Note and the Term Sheet together, as Defendant requests, Defendant's argument still fails. The Term Sheet does *not* state that the Project's gross receipts is the *only* source of payment. Therefore, Section 3-105(1)(f) of the U.C.C. precludes a finding that the Note is unconditional.

The primary case upon which Defendant relies, *Madeline, L.L.C. v. Casden*, 950 F.Supp.2d 685 (S.D.N.Y. 2013), is easily distinguishable. In that case, the Court held that "the repayment of the Loan was to be from distributions relating to the operations of CPLLC/DevCo" (*id.* at 696) because it was undisputed that such loan was to be repaid "*only* out of profits and distributions from the sale and development of properties." (*Id.* at 689) (emphasis added). Here, neither the Note nor the Term Sheet indicate that reimbursement will be made *only* from such proceeds. *See* N.Y. U.C.C. § 3-105(2)(b) ("A promise … is not unconditional if the instrument … states that it is to be paid *only* out of a particular fund or source….") (emphasis added).

## II. THE AUDIT LETTER RESPONSE IS DISPOSITIVE

Plaintiff's initial papers demonstrated that, in a signed response to a letter from Plaintiff's auditors, Defendant's Managing Partner Jason Cloth "confirmed" that, as of December 31, 2020, Defendant owed Plaintiff the principal amount of $3,000,000, plus accrued interest, under the Shadowplay Loan. (Conover Decl., Ex. B).

In its opposition papers, Defendant contends that such response "was merely to confirm to [Plaintiff's] auditors the amount of outstanding principal and interest as of December 31, 2020, and not that [Defendant] was liable to repay the Loan." (Cloth Decl. ¶ 13). However, the plain language of the audit letter, which Defendant acknowledged via its signature, refutes any such interpretation. The letter states that its purpose is to "confirm" the "loan amounts ***due to*** [Plaintiff] ***as of December 31, 2020***." (Conover Decl., Ex. B) (emphasis added). Stated differently, Defendant acknowledged that, as of December 31, 2020, $3,000,000 plus interest was *already due to Plaintiff*.

Defendant is bound by its written confirmation that the Shadowplay Loan is, in fact, a loan and that the debt is due to Plaintiff. *See In re Interstate Cigar Co., Inc.*, 171 B.R. 6, 9 – 10 (E.D.N.Y. Bankr. 1994) (awarding plaintiff summary judgment where defendants' response to audit letter acknowledged "loan receivable" and, based thereon, rejecting defense that loans were not loans).

## **CONCLUSION**

For the reasons set forth herein, as well as those in Plaintiff's initial papers, the motion should be granted in its entirety.

Dated: New York, NY
        December 20, 2022

Respectfully submitted,
MEISTER SEELIG & FEIN LLP

 /s/ Kevin Fritz
By:    Mitchell Schuster
       Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
Email: kaf@msf-law.com